UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

R. DANTE DECAPRI,
on behalf of himself and others
similarly situated,

Plaintiff,



v.

Civil Action No. ⟨3: 14CV201⟩

LAW OFFICES OF
SHAPIRO BROWN & ALT, LLP,

Defendant.

## CLASS ACTION COMPLAINT

## INTRODUCTION

1.    Plaintiff R. Dante DeCapri, on behalf of himself and all others similarly situated,

alleges that Defendant Law Offices of Shapiro Brown & Alt, LLP, a foreclosure mill, violated

the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA") by devising a form

FDCPA debt validation disclosure notice collection letter that makes multiple inaccurate and

false § 1692g disclosures. In addition to violating the Act's cornerstone debt validation disclosure

requirements,[1] Defendant:

A.    discourages consumer disputes under the FDCPA,

B.    shifts the focus of the consumer's right to dispute away from the debt
collector and to the creditor who has retained Defendant to collect consumer debts
on its behalf, and

C.    materially misstates the consumer's ability to dispute a debt,

---

[1]    The rights and obligations established by 15 U.S.C. § 1692g validation of debts disclosure
requirements were considered by the Senate to be a significant feature of the Act. As the Fourth Circuit
has stated, "Congress included the debt validation provisions in order to guarantee that consumers would
receive adequate notice of their legal rights. *See* S. Rep. No. 382, 95th Cong., 1st Sess. 4, 8, *reprinted in*
1977 U.S. Code Cong. & Admin. News 1695, 1699, 1702." *Miller v. Payco General American Credits,
Inc.,* 943 F.2d 482, 484 (4th Cir. 1991).

all in violation of the Act's central substantive prohibition against the use by a debt collector of any false, deceptive, or misleading representations in connection with the collection of consumer debt, found at 15 U.S.C. § 1692e.

## JURISDICTION

2.     This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

## PARTIES

3.     Plaintiff R. Dante DeCapri ("Mr. DeCapri") is a natural person who resides in Virginia and in this District and Division.  Mr. DeCapri is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

4.     Defendant Law Offices of Shapiro Brown & Alt, LLP ("Shapiro Brown & Alt, LLP) is a law firm with offices in Maryland and Virginia, the principal purpose of whose businesses is the collection of debts, and is located at 236 Clearfield Avenue, Suite 215, Virginia Beach, Virginia 23462.

5.     Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).  Defendant moreover uses one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

## STATEMENT OF FACTS

*Shapiro Brown & Alt, LLP is a Debt Collector*

6.     Defendant Shapiro Brown & Alt, LLP is a law firm whose practice is focused on the collection of debts.

7.     Defendant advertises that it focuses in real estate law and creditor's rights, more specifically that:

> Our firm has long compiled an excellent record in providing fast timeframes. We have long recognized that the lenders lose money for every day of delay. This record began to be recognized in the industry. In 2000 we were selected by Freddie Mac to be one of the Designated Counsel firms in Virginia.

http://shapirobrownandalt.com/. Last visited March 18, 2014.

8.     Defendant regularly collects home loan debts.

9.     Defendant regularly demands payment from consumers of claimed arrearages and provides to consumers reinstatement quotes and itemizations of amounts that Defendant is attempting to collect.

10.     Defendant regularly tells consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. § 1692e(11), requires that debt collectors provide in all written communications (other than a formal pleading) sent "in connection with the collection of any debt" ("the § 1692e(11) disclosure").

11.     Defendant regularly attempts to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers.

### *Defendant Misrepresents Its Intention to File Civil Actions Against Virginia Home Loan Borrowers*

12.     Defendant sent Plaintiff a form dunning letter[2] dated July 15, 2013, which stated that the Defendant had been retained to initiate foreclosure proceedings on Plaintiff's home. A copy of the July 15, 2013 correspondence is attached hereto as Exhibit A.

13.     The debt, a home loan, was incurred primarily for personal, family, or household purposes, bringing Defendant's collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

14.     The body of Defendant's dunning letter in the form of Exhibit A reads in pertinent part as follows:

> NOTICE REQUIRED BY THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 USC 1692, ET SEQ.
>
> The law firm of Shapiro Brown & Alt, LLP has been retained to initiate foreclosure proceedings to foreclose the Deed of Trust/Mortgage on your property. The following information is provided as required by the Federal Fair Debt Collections Practices Act. Professional Foreclosure Corporation of Virginia has been or may be appointed as Substitute Trustee to conduct the foreclosure.
>
> 1.     As of July 12, 2013, the creditor has advised that the amount of debt is $54,386.89.
>
> 2.     The creditor to whom the debt is owed is Wells Fargo Bank. NA.
>
> 3.     The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this letter. If you do not dispute the debt within this period, it will be assumed to be valid. The law also entitles you to request that we provide you the name of the original creditor if the original creditor is different from the current creditor, Wells Fargo Bank, NA. If you choose to dispute the debt, or any portion thereof, you must notify us within thirty (30) days of the date you receive this letter.
>
> 4.     If you notify us in writing within thirty (30) days of the date you receive this letter that you are disputing the debt or any portion thereof, or if you notify us

---

[2]   A "dunning letter" is a letter demanding payment of a debt--*i.e.*, a collection notice. *Fariasantos v. Rosenberg & Associates, LLC*, 2014 WL 928206, *1, 2014 U.S. Dist. Lexis 30898, *3, (E.D. Va. 2014); *Bicking v. Law Offices of Rubenstein and Cogan*, 783 F. Supp. 2d 841, 842, n.1 (E.D. Va. 2011).

in writing within thirty (30) days of the date you receive this letter that you want to know the name of the original creditor if that creditor is different from Wells Fargo Bank, NA, then we will obtain and mail to you verification of the debt and/or the name and address of the original creditor.

5.      The Fair Debt Collection Practices Act does not require that we wait until thirty (30) days from the date you receive this letter before initiating foreclosure proceedings to foreclosure your Deed of Trust/Mortgage. In the event we do proceed to foreclose on your Deed of Trust/Mortgage, within thirty (30) days from the date you receive this letter, you still retain the right to dispute the debt, or any portion thereof, and you also retain the right to request the name of the original creditor if the original creditor is different from the current creditor, Wells Fargo Bank, NA.

6.      If you request proof of the debt or any portion thereof or if you request the name of the original creditor within thirty (30) days from the date you receive this letter, the Fair Debt Collection Practices Act requires us to suspend our efforts to foreclose on the Deed of Trust/Mortgage on your property, until we mail you the information validating the debt and/or until we provide you with the name of the original creditor.

Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, call (757) 687-8777 or write to the Fair Debt Attorney at the address provided below.

Any requests should be addressed to:
Attn: Fair Debt Attorney
Shapiro Brown & Alt, LLP
236 Clearfield Avenue, Suite 215
Virginia Beach, Virginia 23462

**PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU ARE ADVISED THAT THIS OFFICE IS DEEMED TO BE A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

*Defendant Makes a False Disclosure of the Consumer's § 1692g Thirty Day Validation Notice Rights and in so Doing Also Uses False, Deceptive or Misleading Representations in Connection With the Collection of Consumer Debt*

15.      The July 15, 2012 dunning letter, Exhibit A, was the first written communication by Defendant to Plaintiff in connection with the collection of the subject debt.

16.    Fifteen U.S.C. § 1692g(a) provides that a debt collector must give a notice of debt

validation rights either in the initial communication with a consumer or within five days of the

initial communication with the consumer.

17.    The full text of the debt validation disclosure required under the FDCPA, at 15

U.S.C. § 1692g, is as follows:

*Notice of debt; contents*
(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
    (1)    the amount of the debt;
    (2)    the name of the creditor to whom the debt is owed;
    (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
    (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
    (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.
*Disputed debts*
(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure

of the consumer's right to dispute the debt or request the name and address of the original creditor.

18.     As the Fourth Circuit has stated, § 1692g clearly defines communications between a debt collector and consumers, and the various subsections of § 1692g each have their own particularized requirements and unique importance.

> Pursuant to *section 1692g(b)*, if a consumer "notifies the debt collector in writing" that the debt is disputed, the debt collector must "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector." *15 U.S.C. § 1692g(b)*.
>
> ...
>
> In line with the Second and Ninth Circuits, we find that the FDCPA clearly defines communications between a debt collector and consumers. *Sections 1692g(a)(4)*, *1692g(a)(5)*, and *1692g(b)* explicitly require written communication, whereas *section 1692g(a)(3)* plainly does not.

*Clark v. Absolute Collection Service, Incorporated*, 741 F.3d 487, 490 (4th Cir. 2014).

19.     Exhibit A misstates the § 1692g debt validation notice in several respects.

20.     The validation notice must contain in part the following information in order to comply with the § 1692g(a)(3) component of the required disclosure:

> [A] statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, **the debt will be assumed to be valid by the debt collector.**

15 U.S.C. § 1692g(a)(3) (emphasis added)

21.     Defendants' collection letter does not make the full § 1692g(a)(3) disclosure. Rather it reads:

> "If you do not dispute the debt within this period, **it will be assumed to be valid.**"

(Emphasis added)

22.     Defendant's purported validation notice omits the required § 1692g(a)(3) disclosure stating that it is *the debt collector* who will assume the debt to be valid unless the consumer disputes the validity of the debt within thirty days of receipt of the notice.

23.     To be a proper disclosure of the consumer's thirty day validation rights, the § 1692g notice must include language that makes clear it is only the debt collector who may assume validity and only for collection purposes; otherwise the debtor is left uncertain about who will make the assumption and for what purpose.

24.     This Court, in *Fariasantos v. Rosenberg & Associates, LLC*, 2014 WL 928206, 2014 U.S. Dist. Lexis 30898, (E.D. Va. 2014), has very recently considered this particular form of debt collector misdisclosure of the § 1692g validation notice.

25.     After noting that "(F)irst, the Court looks to the plain language of the FDCPA for guidance on the language to be included in dunning letters," and then observing that "(I)n *§ 1692g(a)(3)*, the FDCPA says that a (§ 1692g debt validation) notice ... to the consumer shall contain: 'a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by *the debt collector*,'" this Court made the following finding of liability for the debt collector's failure to make a proper § 1692g(a)(3) disclosure:

> "Without the qualifying prepositional phrase "by the debt collector," the passive statement that a debt "will be assumed to be valid" simply does not convey who will be doing the assuming. The Letter's failure to state who will assume the validity of the debt does not fulfill (the debt collector's) clear obligation under the statute to tell the consumer that it is the debt collector who will assume the debt to be valid.
> ...
> (The debt collector's) use of the passive voice effectively obscures the identification of the subject who is acting out the verb of the sentence.
> ...
> The Letter's failure to state who would assume the debt's validity does not comply with *§ 1692g(a)(3)* of the FDCPA."

*Id.* at *25 - 26.

26.     The omission of any reference to the entity by whom the debt "will be assumed to be valid" could confuse or mislead the least sophisticated debtor into believing that the debt would be determined to be valid by an entity of authority other than the debt collector defendant, thus leaving the least sophisticated consumer uncertain as to what entity will make the assumption of validity and for what purpose.

27.     Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. §1692e and §1692e(10).

28.     Under the governing "least sophisticated consumer" standard,[3] Defendant's statement that the debt "will be assumed to be valid" if the consumer does not dispute the debt implies that someone other than the debt collector, such as the creditor, a court, or a credit reporting agency, will assume the debt to be valid.  In addition to being a violation of the § 1692g validation notice disclosure requirements, this is a false or misleading representation in violation of § 1692e.

29.     Section 1692g(c) of the FDCPA's debt validation provision states that "the failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer."

30.     The entirety of Defendant's misdisclosure of the § 1692g(a)(3) portion of the required thirty day validation notice reads as follows:

> 3.     The Fair Debt Collection Practices Act entitles you to dispute the debt, or
> any portion thereof, within thirty (30) days of your receipt of this letter. If you do

---

[3]     In the Fourth Circuit, the "least sophisticated consumer" standard is applied in evaluating FDCPA claims. *United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 138 (4th Cir. 1996); Lembach v. Bierman, 528 F. App'x at 302* (citing *Nat'l Fin. Servs.*).

not dispute the debt within this period, it will be assumed to be valid. The law also entitles you to request that we provide you the name of the original creditor if the original creditor is different from the current creditor, Wells Fargo Bank, NA. If you choose to dispute the debt, or any portion thereof, you must notify us within thirty (30) days of the date you receive this letter.

31.     Defendant compounds its misdisclosure by including the following materially false statement as the last sentence in Paragraph 3:

> If you choose to dispute the debt, or any portion thereof, you must notify us within thirty (30) days of the date you receive this letter.

32.     This is a false statement.

33.     The statement is materially false.

34.     This sentence suggests to the consumer that he or she can only dispute the debt during the first thirty days after receiving Defendant's dunning letter in the form of Exhibit A.

35.     However, the FDCPA's debt validation process does not change the legal burden of proof between the creditor and the debtor.

36.     A consumer is not limited to the § 1692g validation process as the only means to dispute a consumer debt to a debt collector, a creditor, a court, or a credit reporting agency, or anyone else.

37.     Under the FDCPA, a consumer may dispute a debt by means other than through the 15 U.S.C. § 1692g debt validation process.

38.     A consumer may dispute a debt to a debt collector or a creditor at any time and for any reason.

39.     By including this sentence in the § 1692g(a)(3) component of the required debt validation disclosure, Defendant misrepresents to the least sophisticated consumer, in violation of 15 U.S.C. § 1692e, that a provision in the FDCPA changed the basic law of debtor's rights and

that it makes the consumer legally responsible for the debt in the event the consumer failed to dispute the debt to the debt collector within the § 1692g thirty day validation period.

40.     Defendant makes yet another class wide misdisclosure of the consumer's 15 U.S.C. § 1692g disputed debts rights by stating at Paragraph 6 of Exhibit A the following:

> 6.     If you request proof of the debt or any portion thereof or if you request the name of the original creditor within thirty (30) days from the date you receive this letter, the Fair Debt Collection Practices Act requires us to suspend our efforts to foreclose on the Deed of Trust/Mortgage on your property, until we mail you the information validating the debt and/or until we provide you with the name of the original creditor.

41.     The Act sets forth the actual consumer rights and protections provided by 15 U.S.C. § 1692g(b), as follows:

### Disputed debts

> (b) Disputed debts. If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector *in writing* that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(Emphasis added)

42.     Defendant's Paragraph 6 statement of the § 1692g(b) disputed debts protections under the FDCPA omits the Act's requirement that the consumer notify the debt collector *in writing* in order to invoke the debt validation rights contained in § 1692g(b).

43.    Section 1692g(b) explicitly requires written communication. *Clark v. Absolute Collection Service, Incorporated,* 741 F.3d 487, 490 (4th Cir. 2014).

44.    By misstating the disclosures required by the § 1692g debt validation process, Defendant seeks to discourage disputes to the debt collector by putting the focus on the creditor who has referred the debt to the debt collector for collection.

45.    By misstating the disclosures required by the § 1692g debt validation process, Defendant seeks to eliminate any disputes beyond thirty days. A consumer who does not make a *written* dispute within the thirty day validation period loses the rights afforded by §§ 1692g(a)(4), 1692g(a)(5), and 1692g(b).

46.    As the Ninth Circuit noted in *Camacho v. Bridgeport Financial Inc.*, 430 F.3d 1078, 1080 (9th Cir. 2005):

> "Section 1692g(b) further provides that if the consumer notifies the collector of a dispute *in writing* within the 30-day period, the collector shall cease collection activities until he obtains the verification or information required by 15 U.S.C. § 1692g(a)(4) and (5)." (Emphasis in the original.)

47.    More recently, Judge Hudson, citing both *Camacho* and a 1997 Judge Merhige opinion, provided a clear beacon for applicable § 1692g(b) compliance in the following fashion:

> "The plain meaning of *§ 1692g* is that debtors can trigger the rights under *subsection (a)(3)* by either an oral or written 'dispute,' while debtors can trigger the rights under *subsections (a)(4)* and *(a)(5) only* through written dispute." *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1081 (9th Cir. 2005) (emphasis added). "[I]f a consumer contests a debt by telephone rather than in writing, the consumer will inadvertently lose the protections for debtors set forth in the FDCPA; the debt collection agency would be under no obligation to verify the debt and cease all collection efforts as required by *§ 1692g(b)*." *Withers v. Eveland, 988 F. Supp. 942, 947 (E.D. Va. 1997); see also 15 U.S.C. § 1692g(b)* ("If the consumer notifies the debt collector **in writing** . . . that the debt . . . is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt[,]. . . or the name and address of the original creditor . . .").

*Bicking v. Law Offices of Rubenstein and Cogan*, 783 F. Supp. 2d 841, 845 (E.D. Va. 2011). (Emphasis added)

48.     Neither Paragraph 5 nor Paragraph 6 of Exhibit A include the explicit writing requirement necessary to invoke the debt validation protection contained in §§ 1692g(a)(5) and 1692g(b).

49.     Consistent with its online self description that "(O)ur firm has long compiled an excellent record in providing fast timeframes. We have long recognized that the lenders lose money for every day of delay," Defendant has misstated the thirty day validation period disclosure, misrepresented the consumer's debt dispute rights under the FDCPA and under traditional creditor-debtor law by putting the focus on the creditor and by attempting to eliminate any disputes beyond thirty days.

50.     Defendant is a law firm that specializes in collection and foreclosure work.

51.     It is unlikely that the election to use text or phrases in Exhibit A that would reasonably be understood by the least sophisticated consumer to convey more than the law allows was made inadvertently by the Defendant.

## CLASS ACTION ALLEGATIONS CLASS

52.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class initially defined as follows:

> (A) All Virginia residents to whom Defendant sent a letter in the form of Exhibit A, (B) which contains the 15 U.S.C. § 1692g notice of validation rights in text identical to that in Exhibit A, (C) in an attempt to collect a home loan debt, (D) that was incurred primarily for personal, household or family purposes, (E) during the one year period prior to the filing of the Complaint in this matter.

53.     **Numerosity. Fed. R. Civ. P 23(a)(1)** Upon information and belief, Plaintiff alleges that the class members are so numerous that joinder of all is impractical.  The names and

addresses of the class members are identifiable through the internal business records maintained by Defendant and the class members may be notified of the pendency of this action by published and/or mailed notice.

54. **Predominance of Common Questions of Law and Fact.** Fed. R. Civ. P. 23(a)(2). Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members. The principal issues are:

A. Whether Shapiro Brown & Alt, LLP, LLC is a debt collector.

B. Whether Defendant's correspondence in the form of Exhibit A violated the FDCPA by failing to provide the Validation Notice required by 15 U.S.C. § 1692g.

55. **Typicality.** Fed. R. Civ. P. 23(a)(3) Plaintiff's claims are typical of the claims of each putative class member. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

56. **Adequacy of Representation.** Fed. R. Civ. P. 23(a)(4) Plaintiff is an adequate representative of the putative class, because his interests coincide with, and are not antagonistic to, the interests of the members of the Class they seek to represent; he has retained counsel competent and experienced in such litigation; and he has and intends to continue to prosecute the action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Class. Neither Plaintiff nor his counsel have any interests which might cause him not to vigorously pursue this action.

57.    **Superiority.** **Fed. R. Civ. P. 23(b)(3)** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

58.    **Injunctive Relief Appropriate for the Class.** **FED. R. CIV. P. 23(b)(2).** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

## COUNT ONE:
## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692g(a)(3)

59.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

60.    By failing to include "by the debt collector" or similar language in the required § 1692g(3) component of the thirty day validation notice disclosure, Defendant failed to proved the required validation notice and in so doing violated 15 U.S.C. § 1692g.

61.    Plaintiff and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:
## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692g(a)(4)

62.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

63.    By including in Exhibit A a purported § 1692g(a)(3) disclosure that contains the statement "(I)f you choose to dispute the debt, or any portion thereof, you must notify us within thirty (30) days of the date you receive this letter," Defendant contradicted and created confusion as to the § 1692g(a)(4) disclosure, which requires written communication by the consumer to the debt collector in order to invoke the § 1692g(a)(4) rights, and it so doing violated 15 U.S.C. § 1692g.

64.    Plaintiff and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT THREE:
## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e(10)

65.    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

66.    By failing to include "by the debt collector" or similar language in the required § 1692g(3) component of the thirty day validation notice disclosure, Defendant used a false representation or deceptive means to collect or attempt to collect a debt, and in so doing violated 15 U.S.C. § 1692e(10).

67.     Plaintiff and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FOUR:
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e(10)

68.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

69.     By falsely stating in Exhibit A that if Plaintiff chooses to dispute the debt, he must do so within thirty days of the date he received Exhibit A, Defendant used a false representation or deceptive means to collect or attempt to collect a debt, and in so doing violated 15 U.S.C. § 1692e(10).

70.     Plaintiff and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT FIVE:
## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692e(10)

71.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

72.     By omitting in Exhibit A the "in writing" requirement from the statement of the consumer's § 1692g(b) rights, Defendant used false representation or deceptive means to collect or attempt to collect a debt, and in so doing violated 15 U.S.C. § 1692e(10).

73.     Plaintiff and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

Page 17

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff R. Dante DeCapri requests that the Court enter judgment on behalf of himself and the class he seeks to represent against Defendant Law Offices of Shapiro Brown & Alt, LLP for:

A.    Certification for this matter to proceed as a class action;

B.    Declaratory relief that Defendant's use of Exhibit A violates the FDCPA as alleged;

C.    Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

D.    Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§1692k(a)(3); and

E.    Such other or further relief as the Court deems proper.

**TRIAL BY JURY IS DEMANDED**

<div style="margin-left:50%">

Respectfully submitted,
R. Dante DeCapri
By Counsel

</div>

By: Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

Kristi Cahoon Kelly, Esq., VSB #72791
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
(703) 424-7572
(703) 591-0167Facsimile
kkelly@kellyandcrandall.com

Leonard A. Bennett, VSB #37523
Susan M. Rotkis, VSB #40639
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 201
Newport News, Virginia 23606
(757) 930-3660
(757) 930-3662 Facsimile

Matthew J. Erausquin, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile

Counsel for Plaintiff