**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| **R. DANTE DECAPRI,** | |
| Plaintiff, | |
| v. | Case No. 3:14-cv-00201-HEH |
| **LAW OFFICES OF SHAPIRO BROWN & ALT, LLP,** | |
| Defendant. | |

**SBA'S ANSWER TO THE COMPLAINT[1]**

Defendant Shapiro, Brown & Alt, LLP ("SBA"), by counsel, pursuant to the Court's

Scheduling Order [ECF 12], hereby answers the Complaint filed by Plaintiff R. Dante DeCapri

("Plaintiff"), as follows:

> Paragraph No. 1:    Plaintiff R. Dante DeCapri, on behalf of himself and all others similarly situated, alleges that Defendant Law Offices of Shapiro Brown & Alt, LLP, a foreclosure mill, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* ("FDCPA") by devising a form FDCPA debt validation disclosure notice collection letter that makes multiple inaccurate and false § 1692g disclosures.  In addition to violating the Act's cornerstone debt validation disclosure requirements, Defendant:
>
> A.    discourages consumer disputes under the FDCPA,
>
> B.    shifts the focus of the consumer's right to dispute away from the debt collector and to the creditor who has retained Defendant to collect consumer debts on its behalf, and
>
> C.    materially misstates the consumer's ability to dispute a debt,
>
> all in violation of the Act's central substantive prohibition against the use by a debt collector of any false, deceptive, or

---

[1]    SBA files this Answer without waiving its previously filed Motion to Dismiss [ECF 10]. *See* Scheduling Order [ECF 12] ("Filing of an Answer shall not waive any previously filed motions or properly presented objections to jurisdiction or service of process.").

misleading representations in connection with the collection of consumer debt, found at 15 U.S.C. § 1692e.

Answer:     The allegations of paragraph 1 reference a document, which speaks for itself. To the extent that the allegations mischaracterize the document, misstate its content or legal import, or are materially incomplete, they are denied. As to the balance of the allegations, such allegations are denied.

Paragraph No. 2:    This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. § 1692k(d).

Answer:     The allegations of paragraph 2 constitute a legal opinion, and no response is required. If a response is required, the allegations are denied to the extent contrary to law.

Paragraph No. 3:    Plaintiff R. Dante DeCapri ("Mr. DeCapri") is a natural person who resides in Virginia and in this District and Division. Mr. DeCapri is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

Answer:     Defendant has insufficient information to admit or deny the allegations of paragraph 3. As to the balance of the allegations, such allegations constitute a legal opinion, and no response is required. If a response is required, the allegations are denied to the extent contrary to law.

Paragraph No. 4:    Defendant Law Offices of Shapiro Brown & Alt, LLP ("Shapiro Brown & Alt, LLP) is a law firm with offices in Maryland and Virginia, the principal purpose of whose businesses is the collection of debts, and is located at 236 Clearfield Avenue, Suite 215, Virginia Beach, Virginia 23462.

Answer:     SBA admits only that it is a law firm with offices located in Maryland and Virginia, including a location 236 Clearfield Avenue, Suite 215, Virginia Beach, Virginia 23462. As to the balance of the allegations, such allegations constitute a legal opinion, and no response is required. If a response is required, the allegations are denied to the extent contrary to law.

Paragraph No. 5:    Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another,

and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendant moreover uses one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

Answer:     The allegations of paragraph 5 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied to the extent contrary to law.

Paragraph No. 6:     Defendant Shapiro Brown & Alt, LLP is a law firm whose practice is focused on the collection of debts.

Answer:     SBA admits only that it is a law firm that practices in the area of foreclosure and sends notices to the borrower (and borrower's counsel), as required by Virginia law, through the mail in connection with the requirements for non-judicial foreclosure sales.  As to the balance of the allegations of paragraph 6, such allegations such allegations constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied to the extent contrary to law.

Paragraph No. 7:     Defendant advertises that it focuses in real estate law and creditor's rights, more specifically that:

Our firm has long compiled an excellent record in providing fast timeframes. We have long recognized that the lenders lose money for every day of delay. This record began to be recognized in the industry.  In 2000 we were selected by Freddie Mac to be one of the Designated Counsel firms in Virginia.

http://shapirobrownandalt.com/.  Last visited March 18, 2014.

Answer:     The allegations of paragraph 7 reference a document or website, which speaks for itself.  To the extent that the allegations mischaracterize the document/website, misstate its content or legal import, or are materially incomplete, they are denied.

Paragraph No. 8:     Defendant regularly collects home loan debts.

Answer:      SBA admits only that it is a law firm that practices in the area of foreclosure and sends notices to the borrower (and borrower's counsel), as required by Virginia law, through the mail in connection with the requirements for non-judicial foreclosure sales.  As to the balance of the allegations of paragraph 8, such allegations constitute a legal opinion such allegations constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

> Paragraph No. 9:      Defendant regularly demands payment from consumers of claimed arrearages and provides to consumers reinstatement quotes and itemizations of amounts that Defendant is attempting to collect.

Answer:      SBA admits only that it sends notices to the borrower (and borrower's counsel), as required by Virginia law, through the mail in connection with the requirements for non-judicial foreclosure sales.   As to the balance of the allegations of paragraph 9, such allegations constitute a legal opinion and/or attempt to characterize documents that speak for themselves, and no response is required.  To the extent any further response is required, and to the extent the allegations are contrary to the law and/or the documents, they are denied.

> Paragraph No. 10:     Defendant regularly tells consumers in correspondence that "this is an attempt to collect a debt and any information obtained will be used for that purpose" and/or that the communication is from a debt collector, the disclosures that the FDCPA, at 15 U.S.C. § l692e(11), requires that debt collectors provide in all written communications (other than a formal pleading) sent "in connection with the collection of any debt" ("the § l692e( 11) disclosure").

Answer:      The allegations of paragraph 10 reference documents, which speak for themselves.  To the extent that the allegations mischaracterize the documents, misstate their content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations, such allegations constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied to the extent contrary to law.

> Paragraph No. 11:    Defendant regularly attempts to provide the verification of debts required by the FDCPA, at 15 U.S.C. § 1692g(b), upon written request from consumers.

Answer:    The allegations of paragraph 11 reference documents, which speak for themselves.  To the extent that the allegations mischaracterize the documents, misstate their content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations, such allegations constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied to the extent contrary to law.

> Paragraph No. 12:    Defendant sent Plaintiff a form dunning letter[2] dated July 15, 2013, which stated that the Defendant had been retained to initiate foreclosure proceedings on Plaintiff s home. A copy of the July 15, 2013 correspondence is attached hereto as Exhibit A.

Answer:    SBA admits only that it sent a notice to Plaintiff dated July 15, 2013, in connection with a non-judicial foreclosure sale.  The allegations of paragraph 12 reference documents, which speak for themselves.  To the extent that the allegations mischaracterize the documents, misstate their content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations, such allegations constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied to the extent contrary to law.

> Paragraph No. 13:    The debt, a home loan, was incurred primarily for personal, family, or household purposes, bringing Defendant's collection efforts within the purview of the FDCPA. 15 U.S.C. § 1692a(5).

Answer:    The allegations of paragraph 13 constitute a legal opinion and/or attempt to characterize documents that speak for themselves, and no response is required.  To the extent

---

[2]    A "dunning letter" is a letter demanding payment of a debt--i.e., a collection notice. *Fariasantos v. Rosenberg & Associates, LLC,* 2014 WL 928206, *1, 2014 U.S. Dist. Lexis 30898, *3, (E.D. Va. 2014); *Bicking v. Law Offices of Rubenstein and Cogan,* 783 F. Supp. 2d 841, 842, n. l (E.D. Va. 2011).

any further response is required, and to the extent the allegations are contrary to the law and/or the documents, they are denied.

Paragraph No. 14:    The body of Defendant's dunning letter in the form of Exhibit A reads in pertinent part as follows:

NOTICE REQUIRED BY THE FAIR DEBT COLLECTIONS PRACTICES ACT, 15 USC § 1692, ET SEQ.

The law firm of Shapiro Brown & Alt, LLP has been retained to initiate foreclosure proceedings to foreclose the Deed of Trust/Mortgage on your property. The following information is provided as required by the Federal Fair Debt Collections Practices Act. Professional Foreclosure Corporation of Virginia has been or may be appointed as Substitute Trustee to conduct the foreclosure.

1.    As of July 12, 2013, the creditor has advised that the amount of debt is $54,386.89.

2.    The creditor to whom the debt is owed is Wells Fargo Bank. N.A.

3.    The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this letter. If you do not dispute the debt within this period, it will be assumed to be valid. The law also entitles you to request that we provide you the name of the original creditor if the original creditor is different from the current creditor, Wells Fargo Bank, NA. If you choose to dispute the debt, or any portion thereof, you must notify us within thirty (30) days of the date you receive this letter.

4.    If you notify us in writing within thirty (30) days of the date you receive this letter that you are disputing the debt or any portion thereof, or if you notify us in writing within thirty (30) days of the date you receive this letter that you want to know the name of the original creditor if that creditor is different from Wells Fargo Bank, NA, then we will obtain and mail to you verification of the debt and/or the name and address of the original creditor.

5.    The Fair Debt Collection Practices Act does not require that we wait until thirty (30) days from the date you receive this letter before initiating foreclosure proceedings to foreclosure your Deed of Trust/Mortgage. In the event we do proceed to foreclose

on your Deed of Trust/Mortgage, within thirty (30) days from the date you receive this letter, you still retain the right to dispute the debt, or any portion thereof, and you also retain the right to request the name of the original creditor if the original creditor is different from the current creditor, Wells Fargo Bank, NA.

6.      If you request proof of the debt or any portion thereof or if you request the name of the original creditor within thirty (30) days from the date you receive this letter, the Fair Debt Collection Practices Act requires us to suspend our efforts to foreclose on the Deed of Trust/Mortgage on your property, until we mail you the information validating the debt and/or until we provide you with the name of the original creditor.

Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, call (757) 687-8777 or write to the Fair Debt Attorney at the address provided below.

Any requests should be addressed to:
Attn: Fair Debt Attorney
Shapiro Brown & Alt, LLP
236 Clearfield Avenue, Suite 215
Virginia Beach, Virginia 23462

PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT, YOU ARE ADVISED THAT THIS OFFICE IS DEEMED TO BE A DEBT COLLECTOR. ANY INFORMATION OBTAINED WILL BE USED FOR TUAT PURPOSE.

Answer:      The allegations of paragraph 14 reference a document, which speaks for itself.  To the extent that the allegations mischaracterize the document, misstate its content or legal import, or are materially incomplete, they are denied.

Paragraph No. 15:      The July 15, 2012 dunning letter, Exhibit A, was the first written communication by Defendant to Plaintiff in connection with the collection of the subject debt.

Answer:      The allegations of paragraph 15 reference documents, which speak for themselves.  To the extent that the allegations mischaracterize the documents, misstate their

content or legal import, or are materially incomplete, they are denied.  As to the balance of the

allegations, such allegations constitute a legal opinion, and no response is required.  If a response

is required, the allegations are denied as stated, and as contrary to law.

> Paragraph No. 16:     Fifteen U.S.C. § 1692g(a) provides that a
> debt collector must give a notice of debt validation rights either in
> the initial communication with a consumer or within five days of
> the initial communication with the consumer.

Answer:        The allegations of paragraph 16 constitute a legal opinion, and no response

is required.  If a response is required, the allegations are denied to the extent contrary to law or

incomplete in its recitation of the law.

> Paragraph No. 17:     The full text of the debt validation
> disclosure required under the FDCPA, at 15 U.S.C. § 1692

*Notice of debt; contents*

(a)     Within five days after the initial communication with a
consumer in connection with the collection of any debt, a debt
collector shall, unless the following information is contained in the
initial communication or the consumer has paid the debt, send the
consumer a written notice containing--

(1)     the amount of the debt;

(2)     the name of the creditor to whom the debt is owed;

(3)     a statement that unless the consumer, within thirty days
after receipt of the notice, disputes the validity of the debt, or any
portion thereof, the debt will be assumed to be valid by the debt
collector;

(4)     a statement that if the consumer notifies the debt collector
in writing within the thirty-day period that the debt, or any portion
thereof, is disputed, the debt collector will obtain verification of
the debt or a copy of a judgment against the consumer and a copy
of such verification or judgment will be mailed to the consumer by
the debt collector; and

(5)     a statement that, upon the consumer's written request within
the thirty-day period, the debt collector will provide the consumer
with the name and address of the original creditor, if different
from the current creditor.

*Disputed debts*

(b)     Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until   the debt collector obtains verification of the debt or a copy of a judgment,  or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

Answer:        The allegations of paragraph 17 constitute a legal opinion or statement of law, and no response is required.  If a response is required, the allegations are denied to the extent contrary to law or incomplete in its recitation of the law.

Paragraph No. 18:     As the Fourth Circuit has stated, § 1692g clearly defines communications between a debt collector and consumers, and the various subsections of § 1692g each have their own particularized requirements and unique importance.

Pursuant to *section 1692g{b),* if a consumer "notifies the debt collector in writing" that the debt is disputed, the debt collector must "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector." *15 U.S.C. § 1692g(b).*

In line with the Second and Ninth Circuits, we find that the FDCPA clearly defines communications between a debt collector and consumers. *Sections J 692g(a)(4), 1692g(a)(5),* and *l 692g(b)* explicitly require written communication, whereas *section J 692g(a)(3)* plainly does not.

9

> *Clark v. Absolute  Collection Service, Incorporated,* 741 F.3d 487, 490 (4th Cir. 2014).

Answer:          The allegations of paragraph 18 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied to the extent contrary to law or incomplete in its recitation of the law.

> Paragraph No. 19:    Exhibit  A  misstates  the  §  l692g  debt validation notice in several respects.

Answer:          The allegations of paragraph 18 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

> Paragraph No. 20:    The  validation  notice  must  contain  in  part the  following  information  in  order  to  comply  with  the  § 1692g(a)(3) component of the required disclosure:
>
> [A] statement  that  unless  the  consumer,  within  thirty  days after receipt  of the notice, disputes the validity of the debt, or any portion  thereof,  the debt will be assumed to be valid by the debt collector.
>
> 15 U.S.C.  §  1692g(a)(3) (emphasis added).

Answer:          The allegations of paragraph 20 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied to the extent contrary to law or incomplete in its recitation of the law.

> Paragraph No. 21:    Defendants' collection letter does not make the full § 1692g(a)(3) disclosure. Rather it reads:
>
> "If  you  do  not  dispute  the  debt  within  this  period,  it  will  be assumed  to be valid."
>
> (Emphasis added)

Answer:          The allegations of paragraph 21 reference a document, which speaks for itself.  To the extent that the allegations mischaracterize the document, misstate its content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations,

such allegations constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

> Paragraph No. 22:    Defendant's purported validation notice omits the required § 1692g(a)(3) disclosure stating that it is *the debt collector* who will assume the debt to be valid unless the consumer disputes the validity of the debt within thirty days of receipt of the notice.

Answer:    The allegations of paragraph 22 reference a document, which speaks for itself.  To the extent that the allegations mischaracterize the document, misstate its content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations, such allegations constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

> Paragraph No. 23:    To be a proper disclosure of the consumer's thirty day validation rights, the § 1692g notice must include language that makes clear it is only the debt collector who may assume validity and only for collection purposes; otherwise the debtor is left uncertain about who will make the assumption and for what purpose.

Answer:    The allegations of paragraph 23 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied to the extent contrary to law or incomplete in its recitation of the law.

> Paragraph No. 24:    This Court, in *Fariasantos v. Rosenberg & Associates, LLC*, 2014 WL 928206, 2014 U.S. Dist. Lexis 30898, (E.D. Va. 2014), has very recently considered this particular form of debt collector misdisclosure of the § 1692g validation notice.

Answer:    The allegations of paragraph 24 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied to the extent contrary to law or incomplete in its recitation of the law.  Otherwise, the allegations are denied, as the referenced opinion is distinguishable from the case at bar, as explained in Defendant's motion to dismiss.

Paragraph No. 25:      After noting that "(F)irst, the Court looks to the plain language of the FDCPA for guidance on the language to be included in dunning letters," and then observing that "(I)n *§ 1692g(a)(3),* the FDCPA says that a (§ 1692g debt validation) notice ... to the consumer  shall contain: 'a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by *the debt collector*,'" this Court made the following finding of liability for the debt collector's failure to make a proper  § 1692g(a)(3) disclosure:

"Without the qualifying prepositional phrase "by the debt collector," the passive statement that a debt "will be assumed to be valid" simply does not convey who will be doing the assuming. The Letter's failure to state  who will assume  the validity of the debt does not fulfill (the debt collector's) clear obligation under the statute to tell the consumer that it is the debt collector who will assume the debt to be valid.

(The debt collector's) use of the passive voice effectively obscures the identification of the subject who is acting out the verb of the sentence.

The Letter's failure to state who would assume the debt's validity does not comply *with § 1692g(a)(3)* of the FDCPA."

*Id.* at *25 - 26.

Answer:      The allegations of paragraph 25 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied to the extent contrary to law or incomplete in its recitation of the law.

Paragraph No. 26:      The omission of any reference to the entity by whom the debt "will be assumed to be valid" could confuse or mislead the least sophisticated debtor into believing that the debt would be determined to be valid by an entity of authority other than the debt collector defendant, thus leaving the least sophisticated consumer uncertain as to what entity will make the assumption of validity and for what purpose.

Answer:      The allegations of paragraph 26 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

> Paragraph No. 27:    Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e and § 1692e(10).

Answer:    The allegations of paragraph 27 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied to the extent contrary to law or incomplete in its recitation of the law.

> Paragraph No. 28:    Under the governing "least sophisticated consumer" standard,[3] Defendant's statement that the debt "will be assumed to be valid" if the consumer does not dispute the debt implies that someone other than the debt collector, such as the creditor, a court, or a credit reporting agency, will assume the debt to be valid.  In addition to being a violation of the § 1692g validation notice disclosure requirements, this is a false or misleading representation in violation of § 1692e.

Answer:    The allegations of paragraph 28 reference a document, which speaks for itself.  To the extent that the allegations mischaracterize the document, misstate its content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations, such allegations constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

> Paragraph No. 29:    Section 1692g(c) of the FDCPA's debt validation provision states that "the failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer."

Answer:    The allegations of paragraph 29 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied to the extent contrary to law or incomplete in its recitation of the law.

---

[3]    In the Fourth Circuit, the "least sophisticated consumer" standard is applied in evaluating FDCPA claims. *United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 138 (4th Cir. 1996); Lembach v. Bierman, 528 F. App'x at 302* (citing *Nat'l Fin. Servs.*).

Paragraph No. 30:    The entirety of Defendant's misdisclosure of the § 1692g(a)(3) portion of the required thirty day validation notice reads as follows:

3.    The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof, within thirty. (30) days of your receipt of this letter. If you do not dispute the debt within this period, it will be assumed to be valid. The law also entitles you to request that we provide you the name of the original creditor if the original creditor is different from the current creditor, Wells Fargo Bank, NA. If you choose to dispute the debt, or any portion thereof, you must notify us within thirty (30) days of the date you receive this letter.

Answer:    The allegations of paragraph 30 reference a document, which speaks for itself. To the extent that the allegations mischaracterize the document, misstate its content or legal import, or are materially incomplete, they are denied. As to the balance of the allegations, such allegations constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

Paragraph No. 31:    Defendant compounds its misdisclosure by including the following materially false statement as the last sentence in Paragraph 3:

If you choose to dispute the debt, or any portion thereof, you must notify us within thirty (30) days of the date you receive this letter.

Answer:    The allegations of paragraph 31 reference a document, which speaks for itself. To the extent that the allegations mischaracterize the document, misstate its content or legal import, or are materially incomplete, they are denied. As to the balance of the allegations, such allegations constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

Paragraph No. 32:    This is a false statement.

Answer:    The allegations of paragraph 32 are denied.

Paragraph No. 33:    The statement is materially false.

14

Answer:          The allegations of paragraph 33 are denied.

Paragraph No. 34:          This sentence suggests to the consumer that he or she can only dispute the debt during the first thirty days after receiving Defendant's dunning letter in the form of Exhibit A.

Answer:          The allegations of paragraph 34 constitute a legal opinion and/or attempt to characterize documents that speak for themselves, and no response is required.  To the extent any further response is required, and to the extent the allegations are contrary to the law and/or the documents, they are denied.

Paragraph No. 35:          However, the FDCPA's debt validation process does not change the legal burden of proof between the creditor and the debtor.

Answer:          The allegations of paragraph 35 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied to the extent contrary to law or incomplete in its recitation of the law.

Paragraph No. 36:          A consumer is not limited to the § 1692g validation process as the only means to dispute a consumer debt to a debt collector, a creditor, a court, or a credit reporting agency, or anyone else.

Answer:          The allegations of paragraph 36 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied to the extent contrary to law or incomplete in its recitation of the law.

Paragraph No. 37:          Under the FDCPA, a consumer may dispute a debt by means other than through the 15 U.S.C. § 1692g debt validation process.

Answer:          The allegations of paragraph 37 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied to the extent contrary to law or incomplete in its recitation of the law.

Paragraph No. 38:          A consumer may dispute a debt to a debt collector or a creditor at any time and for any reason.

Answer:          The allegations of paragraph 38 constitute a legal opinion, and no response

is required.  If a response is required, the allegations are denied to the extent contrary to law or

incomplete in its recitation of the law.

> Paragraph No. 39:    By including this sentence in the §
> 1692g(a)(3) component of the required debt validation disclosure,
> Defendant misrepresents to the least sophisticated consumer, in
> violation of 15 U.S.C. § 1692e, that a provision in the FDCPA
> changed the basic law of debtor's rights and that it makes the
> consumer legally responsible for the debt in the event the
> consumer failed to dispute the debt to the debt collector within the
> § 1692g thirty day validation period.

Answer:          The allegations of paragraph 39 are denied.

> Paragraph No. 40:    Defendant makes yet another class wide
> misdisclosure of the consumer's 15 U.S.C. § 1692g disputed
> debts rights by stating at Paragraph 6 of Exhibit A the following:

> 6.      If you request proof of the debt or any portion thereof or if
> you request the name of the original creditor within thirty (30)
> days from the date you receive this letter, the Fair Debt Collection
> Practices Act requires us to suspend our efforts to foreclose on the
> Deed of Trust/Mortgage on your property, until we mail you the
> information validating the debt and/or until we provide you with
> the name of the original creditor.

Answer:          The allegations of paragraph 40 reference a document, which speaks for

itself.  To the extent that the allegations mischaracterize the document, misstate its content or

legal import, or are materially incomplete, they are denied.  As to the balance of the allegations,

such allegations constitute a legal opinion, and no response is required.  If a response is required,

the allegations are denied.

> Paragraph No. 41:    The Act sets forth the actual consumer rights
> and protections provided by 15 U.S.C. § 1692g(b), as follows:

> *Disputed debts*

> (b) Disputed debts.  If the consumer notifies the debt collector *in
> writing* within the thirty-day period described in subsection (a) that
> the debt, or any portion thereof, is disputed, or that the consumer

requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.  Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector *in writing* that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor.  Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

(Emphasis added)

Answer:      The allegations of paragraph 41 constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied to the extent contrary to law or incomplete in its recitation of the law.

Paragraph No. 42:      Defendant's Paragraph 6 statement of the § 1692g(b) disputed debts protections under the FDCPA omits the Act's requirement that the consumer notify the debt collector *in writing* in order to invoke the debt validation rights contained in § 1692g(b).

Answer:      The allegations of paragraph 42 reference a document, which speaks for itself.  To the extent that the allegations mischaracterize the document, misstate its content or legal import, or are materially incomplete, they are denied.  As to the balance of the allegations, such allegations constitute a legal opinion, and no response is required.  If a response is required, the allegations are denied.

Paragraph No. 43:      Section 1692g(b) explicitly requires written communication.  *Clark v. Absolute Collection Service, Incorporated,* 741 F.3d 487, 490 (4th Cir. 2014).

17

<u>Answer</u>: The allegations of paragraph 43 constitute a legal opinion, and no response is required. If a response is required, the allegations are denied to the extent contrary to law or incomplete in its recitation of the law.

> <u>Paragraph No. 44</u>: By misstating the disclosures required by the § 1692g debt validation process, Defendant seeks to discourage disputes to the debt collector by putting the focus on the creditor who has referred the debt to the debt collector for collection.

<u>Answer</u>: The allegations of paragraph 44 are denied.

> <u>Paragraph No. 45</u>: By misstating the disclosures required by the § 1692g debt validation process, Defendant seeks to eliminate any disputes beyond thirty days. A consumer who does not make a *written* dispute within the thirty day validation period loses the rights afforded by §§ 1692g(a)(4), 1692g(a)(5), and 1692g(b).

<u>Answer</u>: The allegations of paragraph 45 constitute a legal opinion, and no response is required. If a response is required, the allegations are denied.

> <u>Paragraph No. 46</u>: As the Ninth Circuit noted in *Camacho v. Bridgeport Financial Inc.,* 430 F.3d 1078, 1080 (9th Cir. 2005):

> "Section 1692g(b) further provides that if the consumer notifies the collector of a dispute *in writing* within the 30-day period, the collector shall cease collection activities until he obtains the verification or information required by 15 U.S.C. § 1692g(a)(4) and (5)." (Emphasis in the original.)

<u>Answer</u>: The allegations of paragraph 46 constitute a legal opinion, and no response is required. If a response is required, the allegations are denied to the extent contrary to law or incomplete in its recitation of the law.

> <u>Paragraph No. 47</u>: More recently, Judge Hudson, citing both *Camacho* and a 1997 Judge Merhige opinion, provided a clear beacon for applicable § 1692g(b) compliance in the following fashion:

> "The plain meaning of *§ 1692g* is that debtors can trigger the rights under *subsection (a)(3)* by either an oral or written 'dispute,' while

18

debtors can trigger the rights under *subsections (a)(4)* and *(a)(5) only* through written dispute." *Camacho v. Bridgeport Fin. Inc., 430 F.3d 1078, 1081 (9th Cir. 2005)* (emphasis added). "[I]f a consumer contests a debt by telephone rather than in writing, the consumer will inadvertently lose the protections for debtors set forth in the FDCPA; the debt collection agency would be under no obligation to verify the debt and cease all collection efforts as required by *§ l 692g(b)*." *Withers v. Eveland, 988 F. Supp. 942, 947 (E.D. Va. 1997); see also 15 U.S.C. § 1692g(b)* ("If the consumer notifies the debt collector in writing . . . that the debt . . . is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt[,]. . . . or the name and address of the original creditor . . .").

*Bicking v. Law Offices of Rubenstein and Cogan*, 783 F. Supp. 2d 841, 845 (E.D. Va. 2011). (Emphasis added)

Answer:        The allegations of paragraph 47 constitute a legal opinion, and no response

is required.  If a response is required, the allegations are denied to the extent contrary to law or

incomplete in its recitation of the law.

Paragraph No. 48:        Neither Paragraph 5 nor Paragraph 6 of Exhibit A include the explicit writing requirement necessary to invoke the debt validation protection contained in §§ 1692g(a)(5) and 1692g(b).

Answer:        The allegations of paragraph 48 reference a document, which speaks for

itself.  To the extent that the allegations mischaracterize the document, misstate its content or

legal import, or are materially incomplete, they are denied.  As to the balance of the allegations,

such allegations constitute a legal opinion, and no response is required.  If a response is required,

the allegations are denied.

Paragraph No. 49:        Consistent with its online self description that "(O)ur firm has long compiled an excellent record in providing fast timeframes.  We have long recognized that the lenders lose money for every day of delay," Defendant has misstated the thirty day validation period disclosure, misrepresented the consumer's debt dispute rights under the FDCPA and under traditional creditor-debtor law by putting the

19

focus on the creditor and by attempting to eliminate any disputes
beyond thirty days.

Answer:       The allegations of paragraph 49 reference a document or website, which

speaks for itself.   To the extent that the allegations mischaracterize the document/website,

misstate its content or legal import, or are materially incomplete, they are denied.   As to the

balance of the allegations, such allegations are denied.

Paragraph No. 50:       Defendant is a law firm that specializes in
collection and foreclosure work.

Answer:       SBA admits only that it is a law firm practicing in the area of foreclosure

law, which includes sending notices to the borrower (and borrower's counsel), as required by

Virginia law, through the mail in connection with the requirements for non-judicial foreclosure

sales.   As to the balance of the allegations of paragraph 50, such allegations constitute a legal

opinion and no response is required.   To the extent the allegations are contrary to the law, they

are denied.

Paragraph No. 51:       It is unlikely that the election to use text or
phrases in Exhibit A that would reasonably be understood by the
least sophisticated consumer to convey more than the law allows
was made inadvertently by the Defendant.

Answer:       The allegations of paragraph 51 are denied.

Paragraph No. 52:       Pursuant to Rule 23 of the Federal Rules
of Civil Procedure, Plaintiff brings this action for himself and
on behalf of a class initially defined as follows:

(A) All Virginia residents to whom Defendant sent a letter in
the form of Exhibit A, (B) which contains the 15 U.S.C. §
1692g notice of validation rights in text identical to that in
Exhibit A, (C) in an attempt to collect a home loan debt, (D)
that was incurred primarily for personal, household or family
purposes, (E) during the one year period prior to the filing of the
Complaint in this matter.

Answer:        The allegations of paragraph 52 reference documents, which speak for themselves.   To the extent that the allegations mischaracterize the documents, misstate their content or legal import, or are materially incomplete, they are denied.   As to the balance of the allegations, such allegations constitute a legal opinion, and no response is required.   If a response is required, the allegations are denied.

Paragraph No. 53:        **Numerosity. Fed. R. Civ. P 23(a)(l)** Upon information and belief, Plaintiff alleges that the class members are so numerous that joinder of all is impractical. The names and addresses of the class members are identifiable through the internal business records maintained by Defendant and the class members may be notified of the pendency of this action by published and/or mailed notice.

Answer:        The allegations of paragraph 53 are denied.

Paragraph No. 54:        **Predominance of Common Questions of Law and Fact. Fed. R. Civ. P. 23(a)(2)**. Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members. The principal issues are:

A.        Whether Shapiro Brown & Alt, LLP, LLC is a debt collector.

B.        Whether Defendant's correspondence in the form of Exhibit A violated the FDCPA by failing to provide the Validation Notice required by 15 U.S.C. § 1692g.

Answer:        The allegations of paragraph 54 are denied.

Paragraph No. 55:        **Typicality. Fed. R. Civ. P. 23(a)(3)** Plaintiff s claims are typical of the claims of each putative class member. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

Answer:        The allegations of paragraph 55 are denied.

21

Paragraph No. 56:    **Adequacy of Representation. Fed. R. Civ. P. 23(a)(4)** Plaintiff is an adequate representative of the putative class, because his interests coincide with, and are not antagonistic to, the interests of the members of the Class they seek to represent; he has retained counsel competent and experienced in such litigation; and he has and intends to continue to prosecute the action vigorously.    Plaintiff and his counsel will fairly and adequately protect the interests of the members of the Class.  Neither Plaintiff nor his counsel have any interests which might cause him not to vigorously pursue this action.

Answer:        The allegations of paragraph 56 are denied.

Paragraph No. 57:    **Superiority. Fed. R. Civ. P. 23(b)(3)** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive.  It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them.   Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefit to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

Answer:        The allegations of paragraph 57 are denied.

Paragraph No. 58:    **Injunctive Relief Appropriate for the Class.    FED. R. CIV. P. 23(b)(2).**    Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

Answer:        The allegations of paragraph 58 are denied.

COUNT ONE:

Paragraph No. 59:    Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

22

Answer:       The allegations of paragraph 59 do not require a response.  To the extent that a response is required, Defendant incorporates by reference its response to each of the referenced allegations.

Paragraph No. 60:       By failing to include "by the debt collector" or similar language in the required § 1692g(3) component of the thirty day validation notice disclosure, Defendant failed to proved the required validation notice and in so doing violated 15 U.S.C. § 1692g.

Answer:       The allegations of paragraph 60 are denied.

Paragraph No. 61:       Plaintiff and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.SC. § 1692k

Answer:       The allegations of paragraph 61 are denied.

## COUNT II

Paragraph No. 62:       Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

Answer:       The allegations of paragraph 62 do not require a response.  To the extent that a response is required, Defendant incorporates by reference its response to each of the referenced allegations.

Paragraph No. 63:       By including in Exhibit A a purported § 1692g(a)(3) disclosure that contains the statement "(I)f you choose to dispute the debt, or any portion thereof, you must notify us within thirty (30) days of the date you receive this letter," Defendant contradicted and created confusion as to the § 1692g(a)(4) disclosure, which requires written communication by the consumer to the debt collector in order to invoke the § 1692g(a)(4) rights, and it so doing violated 15 U.S.C. § 1692g.

Answer:       The allegations of paragraph 63 are denied.

Paragraph No. 64:       Plaintiff and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

23

Answer:          The allegations of paragraph 64 are denied.

## COUNT THREE

Paragraph No. 65:     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

Answer:          The allegations of paragraph 65 do not require a response.  To the extent that a response is required, Defendant incorporates by reference its response to each of the referenced allegations.

Paragraph No. 66:     By failing to include "by the debt collector" or similar language in the required § 1692g(3) component of the thirty day validation notice disclosure, Defendant used a false representation  or deceptive means to collect or attempt to collect a debt, and in so doing violated 15 U.S.C. § 1692e(10).

Answer:          The allegations of paragraph 66 are denied.

Paragraph No. 67:     Plaintiff and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

Answer:          The allegations of paragraph 67 are denied.

## COUNT IV

Paragraph No. 68:     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

Answer:          The allegations of paragraph 68 do not require a response.  To the extent that a response is required, Defendant incorporates by reference its response to each of the referenced allegations.

Paragraph No. 69:     By falsely stating in Exhibit A that if Plaintiff chooses to dispute the debt, he must do so within thirty days of the date he received Exhibit A, Defendant used a false representation or deceptive means to collect or attempt to collect a debt, and in so doing violated 15 U.S.C. § 1692e(10).

Answer:          The allegations of paragraph 69 are denied.

Paragraph No. 70:      Plaintiff and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

Answer:      The allegations of paragraph 70 are denied.

COUNT V

Paragraph No. 71:      Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

Answer:      The allegations of paragraph 71 do not require a response.  To the extent that a response is required, Defendant incorporates by reference its response to each of the referenced allegations.

Paragraph No. 72:      By omitting in Exhibit A the "in writing" requirement from the statement of the consumer's § 1692g(b) rights, Defendant used false representation or deceptive means to collect or attempt to collect a debt, and in so doing violated 15 U.S.C. § 1692e(10).

Answer:      The allegations of paragraph 72 are denied.

Paragraph No. 73:      Plaintiff and the putative class members are therefore entitled to actual and statutory damages against Defendant, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

Answer:      The allegations of paragraph 73 are denied.

In response to Plaintiff's "PRAYER FOR RELIEF" clause following paragraph 73 of the Complaint, SBA denies that it is liable to Plaintiff in any manner whatsoever for the requests for relief set forth in this section, as well as under the FDCPA or for any relief whatsoever.

SBA denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs above.

SBA denied that Plaintiff is entitled to any relief and deny that it is liable to Plaintiff in any amount whatsoever under any theory whatsoever.

SBA further states that its investigation of the present matter is ongoing.  Accordingly, SBA reserves the right to amend this answer.

## Affirmative Defenses

Defendants hereby assert the following affirmative and other defenses to Plaintiff's Complaint without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff:

1.      SBA avers that all of the claims in Plaintiff's Complaint fail to state a plausible claim against SBA upon which relief may be granted and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (May 18, 2009).

2.      SBA incorporates by reference those arguments discussed more fully in its previously-filed Motion to Dismiss [ECF 10], with supporting memorandum.

3.      SBA avers that some or all of the claims made in the Complaint are barred because Plaintiff and/or members of the purported class lack standing.

4.      SBA acted reasonably and prudently under the circumstances, in good faith and without malice or intent to injure Plaintiff and/or members of the purported class.

5.      SBA was not engaging in debt collection activity and was not acting as a debt collector with regard to the actions alleged in the Complaint.

6.      Plaintiff's individual and class claims are barred to the extent that Defendant has substantially complied with the requirements of the FDCPA.

7.      The alleged misrepresentation(s) in Plaintiff's individual and class claims are not material and, therefore, cannot support a claim under the FDCPA.

8.      Plaintiff and/or members of the purported class allege damages that were caused by factors and conduct other than and unrelated to any conduct of SBA.

9.      Plaintiff's individual and class claims are barred, in whole or in part, by the principles of *res judicata*, collateral estoppel, judicial estoppel, equitable estoppel, waiver, and/or failure to assert such claims as compulsory counterclaims in prior litigation.

10.     Plaintiff's class claims may be barred in whole or in part by the applicable statute(s) of limitation and/or the doctrine of laches.

11.     Plaintiff's individual and class claims are barred, in whole or in part, to the extent that Plaintiff or any purported class member have failed to mitigate his or her damages.

12.     Any determination of statutory damages and fees (none being admitted) are reserved to the discretion of the Court.

13.     SBA reserves the right to amend its Answer to assert additional defenses as may appear appropriate after investigation and discovery are complete.

WHEREFORE, Defendant Shapiro, Brown & Alt, LLP, having fully responded to Plaintiff's Complaint, respectfully request:

(a) that the Court enter judgment in favor of SBA and against Plaintiff on the claims in the Complaint, deny all relief sought by Plaintiff, and dismiss Plaintiff's Complaint with prejudice;

(b) that the Court deny Plaintiff's request for class certification, as Plaintiff has failed to meet his burden to prove that the requirement of Fed. R. Civ. P. 23 are satisfied;

(c) that the Court award SBA its costs, including reasonable attorneys' fees, incurred in connection with this action; and

(d) that the Court award SBA such other and further legal or equitable relief as the Court

deems appropriate and just.

Respectfully Submitted,
**SHAPIRO, BROWN AND ALT, LLP,**
*By Counsel*

Dated: July 30, 2014                              */s/ Bizhan Beiramee*
Bizhan Beiramee (VSB #50918)
Alexander R. Green (VSB #83937)
MCGINNIS WUTSCHER BEIRAMEE LLP
7508 Wisconsin Avenue
Second Floor
Bethesda, Maryland 20814
Telephone: (301) 547-3805
Facsimle:        (703) 483-9599
Email: bbeiramee@mwbllp.com
Email: agreen@mwbllp.com
*Co-Counsel for Defendant Shapiro, Brown and Alt,*
*LLP*


Ethan G. Ostroff (VSB No. 71610)
Megan E. Burns (VSB No. 35883)
John C. Lynch (VSB No. 39267)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone:  (757) 687-7541
Facsimile:  (757) 687-1541
E-mail: ethan.ostroff@troutmansanders.com
E-mail: megan.burns@troutmansanders.com
E-mail: john.lynch@troutmansanders.com
*Co-Counsel for Defendant Shapiro, Brown and Alt,*
*LLP*

## Certificate of Service

I hereby certify that on the 30th day of July, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will then send a notification of electronic filing (NEF) to the following:

Dale W. Pittman (VSB #15673)
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, Virginia 23803
(804) 861-6000
(804) 861-3368 Fax
dale@pittmanlawoffice.com
*Counsel for Plaintiff*

Kristi Cahoon Kelly (VSB #72791)
KELLY & CRANDALL, PLC
4084 University Drive
Suite 202A
Fairfax, Virginia 22030
(703) 424-7572
(703) 591-1067 Fax
kkelly@kellyandcrandall.com
*Counsel for Plaintiff*

Leonard A. Bennett (VSB #37523)
Susan M. Rotkis (VSB #40639)
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard
Suite 1A
Newport News, Virginia 23601
(757) 930-3660
(757) 930-3662 Fax
lenbennett@clalegal.com
*Counsel for Plaintiff*

Matthew J. Erausquin (VSB #65434)
Casey Shannon Nash (VSB #84261)
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road
Suite 600
Alexandria, Virginia 22314
(703) 273-7770
(888) 892-3512 Fax
matt@clalegal.com
*Counsel for Plaintiff*

*/s/ Bizhan Beiramee*
Bizhan Beiramee (VSB #50918)
Alexander R. Green (VSB #83937)
MCGINNIS WUTSCHER BEIRAMEE LLP
7508 Wisconsin Avenue
Second Floor
Bethesda, Maryland 20814
bbeiramee@beiramee.com
Phone: (301) 547-3805
Fax:    (703) 483-9599
*Co-Counsel for Defendant Shapiro, Brown and Alt, LLP*