### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

R. DANTE DECAPRI,                                  :
                                                   :
                      Plaintiff,                   :
                                                   :
v.                                                 :          Civil Action No. 3:14-cv-00201-HEH
                                                   :
LAW OFFICES OF SHAPIRO                             :
BROWN &ALT, LLP,                                   :
                                                   :
                      Defendant.                   :

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
### DEFENDANT'S MOTION TO DISMISS

COMES NOW the Plaintiff, R. Dante DeCapri, by counsel, and for his Opposition to

Defendant's Motion to Dismiss (Docket No. 10), he states as follows:

### INTRODUCTION

This case is brought pursuant to the Fair Debt Collection Practices Act (FDCPA), 15

U.S.C. § 1692, *et seq*., a remedial statute, the purpose of which is to "eliminate abusive debt

collection practices by debt collectors, to insure that those debt collectors who refrain from using

abusive debt collection practices are not competitively disadvantaged, and to promote consistent

State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

Defendant's multiple violations of the Act's key debt validation provision, § 1692g, involve a

component of the FDCPA which the Fourth Circuit noted over twenty-five years ago was

specifically recognized by the Senate as a significant feature of the FDCPA designed to

guarantee that consumers would receive adequate notice of their legal rights. *See Miller v.*

*Payco General Am. Credits, Inc*., 943 F.2d 482, 484 (4th Cir. 1991).

In this case, Plaintiff alleges that the Defendant violated the FDCPA in three separate

1

ways. First, Defendant violated the FDCPA by failing to include the § 1692g(a)(3) language stating that it is the *debt collector* who will assume this debt to be valid if not disputed. Second, Defendant included an additional "disclosure" not required by § 1692(g) that falsely represented that "if you choose to dispute the debt, or any portion thereof, you must notify us within thirty (30) days of the date you receive this letter," and which contradicts the required § 1692g(4) disclosure that the consumer's dispute must be in writing. *See* Pl.'s Compl. ¶¶ 12–39. And third, the Defendant omitted from its communication the "in writing" requirement set forth in the statute.

In arguing otherwise, Defendant ignores without mention the controlling Fourth Circuit authority, specifically cited in the Complaint, that is entirely consistent with prevailing Court of Appeals authority in other circuits. Instead, Defendant cites district court cases that either do not apply or have not been cited since issued years ago, and Defendant relies on other district level authority that explicitly supports Plaintiff's claims, while making unsuccessful attempts to distinguish applicable adverse rulings from this Division, namely Judge Payne's recent opinion in *Fariasantos v. Rosenberg & Associates, LLC*, 2014 WL 928206, (E.D. Va. 2014). Remarkably, in a Circuit which has repeatedly emphasized the importance of the "plain meaning of the statute", Defendant also downplays its violations of § 1692g as "immaterial", inviting this Court to assign subjective degrees of importance to the various statutory requirements, in the face of this Court's recent decisions finding that the so-called "materiality" standard does not apply to § 1692g violations. *Goodrow v. Friedman & MacFadyen, P.A.*, Case No. 3:11CV20, 2013 WL 3894842 (E.D. Va. July 26, 2013); *Kelly v. Nationstar Mortgage, LLC*, Case No. 3:13-cv-00311(JAG) (E.D. Va. Apr. 2, 2014) (Dkt. No. 79) ("At this point in the case, the Court is not persuaded by Nationstar's argument that materiality applies to a § 1692g claim.").

In addition to *Fariasantos*, Plaintiff's FDCPA claims are very similar to several recent cases against other foreclosure law firms that have survived Rule 12(b)(6) challenges. *See, e.g.*, *Goodrow*, 788 F. Supp. 2d 464, 472; *Naim v. Samuel I. White, P.C.*, Civ. No. 3:11-cv-168 (E.D. Va. 2011); *Scott v. Bierman, Geesing, Ward & Wood, LLC*, Civ. No. 3:12-cv-271 (E.D. Va. 2012); *Thomas v. Wittstadt Title & Escrow Co.*, Civ. No. 3:12-cv-450 (E.D. Va. 2012). Based on the plain language of the statute and this line of cases, Plaintiff plausibly alleges that the Defendant, a foreclosure law firm, made statements and acted in a manner that violated the FDCPA, a rigorous strict liability statute.     The Court should deny this motion.

## STANDARD OF LAW

To prevail on a motion to dismiss under Rule 12(b)(6), a Defendant must prove that the Plaintiff has, in taking all factual allegations as true, failed to state a facially plausible claim for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. However, plausible grounds for a claim "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556. A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of a complaint and does not resolve contests concerning the facts, the merits of claims, or the applicability of defenses." *Foster v. Wintergreen Real Estate Co.*, 2008 WL 4829674, 3 (W.D. Va. 2008); *see also Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994).

## **ARGUMENT**

In order to state a claim for a violation of the FDCPA, the Plaintiff must allege that (1) the plaintiff is a "consumer" within the meaning of the statute; (2) the defendant collecting the debt is a "debt collector" within the meaning of the statute; and (3) the defendant has violated, by act or omission, a provision of the FDCPA. *Creighton v. Emporia Credit Serv. Inc.*, 981 F. Supp. 411, 414 (E.D. Va. 1997).

**A.    The Complaint contains sufficient detail to satisfy Rules 8(a)(2) and 12(b)(6).**

The Defendant supports its motion to dismiss by simply ignoring elements of the claims and the salient facts alleged in the Complaint and by disregarding the limitations of a Rule 12(b)(6) motion. This Court recently summarized "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Engel v. Francis*, 2011 WL 797244, *1 (E.D. Va. Feb. 25, 2011). Factual allegations must be accepted as true and, as shown below, demonstrate that Plaintiff has stated a claim under the FDCPA for the relief he has requested. *Id*.

In this case, the Plaintiff has alleged sufficient detail by which the Defendant can answer and by which the Court can determine the plausibility of his claims. In order for the Defendant to prevail in its motion, it must demonstrate that the Plaintiff has supplied no facts which, taken as true, facially state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007). The burden is no higher.  For example, Plaintiff is not required to satisfy the more rigorous pleading standard for fraud as Rule 9(b) otherwise requires.   *See*, *e.g.*, *Robinson v. Managed Accounts Receivables Corp.*, 654 F. Supp. 2d 1051, 1058 (C.D. Cal. 2009) (explaining that "[t]he FDCPA is not such a lengthy or complex statute as to render Defendants unable 'to prepare an adequate defense' without more specific pleading detail"). The FDCPA in form and structure is a "comprehensive and reticulated" statutory scheme, involving clear definitions,

precise requirements, and particularized remedies. *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226, 233 (4th Cir. 2007).

The Complaint not only alleges that the Defendant is a debt collector who regularly collects or attempts to collect consumer debts, but also details the efforts that the Defendant undertook to collect money from Mr. DeCapri allegedly owing on a past due home mortgage note. *See* Pl.'s Compl. ¶¶ 6-51. The well pleaded allegations in the Complaint state a claim for relief.

**B.    The Plaintiff has satisfied the first two elements of an FDCPA claim.**

Before addressing each argument in turn, it is important to recognize that the Defendant does not challenge Mr. DeCapri's allegations that he is a "consumer" and that the Defendant is a "debt collector" as defined by the FDCPA. Instead, the Defendant claims that its conduct did not violate the FDCPA as a matter of law. Defendant does not contest, at least for purposes of this motion, that it meets the FDCPA's principal definition of a "debt collector," which states: "The term "debt collector" means any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6). In turn, a "debt" is defined as:

> [A]ny obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5). The civil liability section of the FDCPA then provides for the private relief that Plaintiff now seeks whereby "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person." 15 U.S.C. § 1692k(a).

Defendant's real position is that its actions were not deceptive or misleading and that its purported § 1692g notice was adequate, not that the Complaint does not adequately plead these claims. This motion is really, at its core, one of two attempts that it will make at summary judgment in this case.  There are no factual disputes – the letter says what it says.  Plaintiff has alleged that the Defendant violated the FDCPA by: (1) by failing to include "by the debt collector" or similar language in the required § 1692g(3) component of the thirty day debt validation disclosure and thereby failing to provide the Validation Notice as required by the FDCPA; (2) by including in its dunning letter the false statement that "if you choose to dispute the debt, or any portion thereof, you must notify us within thirty (30) days of the date you receive this letter"; and (3) by omitting the "in writing" requirement from the statement of the consumer's § 1692g(b) rights. Defendant cannot fairly assert that Plaintiff's facts are inadequate, uncertain, or implausible.

## C. The Least Sophisticated Consumer Standard Applies to §§ 1692g and 1692e claims.

When determining whether §§ 1692g or 1692e has been violated, courts use "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *Savino v. Computer Credit, Inc., 164 F.3d 81, 85 (2d Cir. 1998)* (quoting *Russell, 74 F.3d at 34*). "The critical question is . . . whether the notice fails to convey the required information 'clearly and effectively and thereby makes the least sophisticated consumer uncertain' as to the meaning of the message." *DeSantis v. Computer Credit, Inc., 269 F.3d 159, 161 (2d Cir. 2001)* (quoting *Savino, 164 F.3d at 85*). Unlike a consumer's claim based in tort or alleging fraud, an FDCPA claim does not require proof of either reliance or scienter. Instead, the question is whether an objective least sophisticated consumer *could be* confused – not whether the Plaintiff or any specific class member actually was.  As the Fourth Circuit put it,

"the test is the capacity for the statement to mislead; evidence of actual deception is unnecessary." *United States v. Nat'l Fin. Servs.,* 98 F.3d 131, 139 (4th Cir.1996). Because the FDCPA's focus is on the collector's misconduct, it is not relevant whether the class members were actually misled. As the Court explained:

> Here, by definition, each putative class member received a dunning letter containing the same Verification Notice. *Cf. Talbott v. GC Svcs. Ltd. P'ship, 191F.R.D. 99, 103 (W.D. Va. 2000)* ("Mailing a standardized collection letter satisfies commonality and has been the basis for certification in similar cases."). The sole and dispositive legal question is whether the Verification Notice violates the FDCPA.
>
> …
>
> The FDCPA is a strict liability statute—it focuses on a debt collector's misconduct, and not the unique extent of each debtor's harm. Therefore, Defendants' conduct towards each class member was equally improper—or proper. That is, if the Verification Notice was unlawful as to one, then it was unlawful as to all. Thus, this case presents a "question[ ] of law applicable in the same manner to each member of these class."

S*ee Bicking,* 2011 WL 5325674, at *2-3.

**D.      The Plaintiff plausibly alleges that the Defendant violated § 1692g(a)(3).**

Subsection 1692g(a)(3) requires that a debt collector provide, in its initial communication with a consumer or within five days thereafter, a debt validation notice informing the consumer, among other things, that "unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector*." 15 U.S.C. § 1692g(a)(3) (emphasis added).  While courts do not require that debt collectors quote the FDCPA verbatim, the § 1692g validation notice must be "conveyed effectively to the debtor."  *Miller v. Payco-Gen. Am. Credits, Inc.*, 943 F.2d 482, 483 (4th Cir. 1991).  Moreover, "in order to be effective, 'the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency.'"  *Miller*, 943 F.2d at 484 (quoting *Swanson v. S. Or. Credit Serv., Inc.*, 869

F.2d 1222, 1225 (9th Cir. 1988)); *see also Dikun v. Streich*, 369 F. Supp. 2d 781, 786 (E.D. Va. 2005). Generally, a notice is "overshadowing and contradictory if it would make the least sophisticated consumer uncertain as to her rights." *Creighton*, 981 F. Supp. at 416. Further, as Judge Kiser explained:

> To be adequate, the "validation notice" must be placed in such a way to be easily readable, and must be prominent enough to be noticed by an unsophisticated consumer. The notice also must not be overshadowed or contradicted by other messages.  This standard is a stringent one. The analysis is not an objective inquiry into whether the language of the demand letter does overshadow and contradict the validation notice. I must instead decide whether the least sophisticated consumer would find the language contradictory or inconsistent so as to leave him confused about his right to dispute the debt.

*Talbott v. GC Servs. Ltd. P'ship*, 53 F. Supp. 2d 846, 852 (W.D. Va. 1999) (internal citations omitted).

### 1.    Materiality Does Not Apply to Violations under § 1692g.

Although the Fourth Circuit has not directly addressed whether the so-called "materiality standard" created in other jurisdictions as a response to § 1692e claims based on the most hyper-technical of false or misleading statements also applies to claims for § 1692g violations, the Fourth Circuit's decision in *Warren v. Sessom & Rogers, P.A.*, 676 F.3d 365 (4th Cir. 2012) is extremely persuasive in resolving this issue. Moreover, this Court has recently addressed this issue in two cases and on both occasions concluded that materiality did not apply to § 1692g claims. *Goodrow v. Friedman & MacFadyen, P.A.*, Case No. 3:11CV20, 2013 WL 3894842 (E.D. Va. July 26, 2013); *Kelly*, Case No. 3:13-cv-00311(JAG) (Dkt. No. 79) ("At this point in the case, the Court is not persuaded by Nationstar's argument that materiality applies to a § 1692g claim.").

In *Warren*, the Fourth Circuit held that materiality was not a required element of § 1692e(11), which requires debt collectors to make the "mini-Miranda" disclosures in all communications in connection with a debt. *Warren*, 676 F.3d at 374; *see also* 15 U.S.C. § 1692e(11).  In reaching its holding that materiality was not an element of a claim for a violation of § 1692e(11), the Fourth Circuit distinguished the § 1692e(11) *disclosure* violation from all of the other conduct enumerated in §1692e because those other violations involve a false *representation*. *Warren*, 676 F.3d at 374. In doing so, the Fourth Circuit reasoned:

> Although Congress did not expressly require that any violation of § 1692e be material, courts have generally held that violations grounded in "false representations" must rest on material misrepresentations. For example, analyzing an alleged violation of § 1692e(2), which prohibits a "false representation of the character, amount, or legal status of any debt," the Seventh Circuit reasoned that the Act "is designed to provide information that helps consumers to choose intelligently," and thus held that because "[a] statement cannot mislead unless it is material, ... a false but non-material statement is not actionable." *Hahn v. Triumph P'ships LLC,* 557 F.3d 755, 757–58 (7th Cir. 2009); *see also Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1033 (9th Cir. 2010); *Miller v. Javitch, Block & Rathbone,* 561 F.3d 588, 596 (6th Cir. 2009).

> Warren's allegations, however, do not involve a *false representation,* or any affirmative representation for that matter. Rather, as described above, Warren complains about conduct that involves a "failure to disclose" "that the communication," the February 2009 phone message, was "from a debt collector." The statute expressly prohibits this exact *omission* by requiring debt collectors to disclose their status in every communication with a consumer. Accordingly, whether a materiality requirement attaches to other violations of § 1692e has no impact on Warren's allegations that the defendants violated § 1692e(11).

*Id*. at 374.

In rejecting the defendant's argument in *Kelly*, this Court found that it would be a logical extension to apply *Warren's* reasoning to § 1692g violations because, similar to § 1692e(11), the statutory text outlines required *disclosures* and is not concerned with affirmative statements or

misrepresentations. *Kelly*, Case No. 3:13-cv-00311(JAG) (Dkt. No. 79). If Defendant's reasoning prevails, an omission of any one of these enumerated items would not be actionable unless a consumer could prove that the omission affected the least sophisticated consumer's ability to act intelligently. For example, in every case where a debt collector misidentified the original creditor to whom the debt was owed (Bank of America as opposed to Chase), a consumer would still be required to prove that the erroneous information was material. Congress did not require this under the statute, and it would be inconceivable to find otherwise. *See, e.g., Graziano v. Harrison,* 950 F.2d 107, 111 (3d Cir. 1991) ("the juxtaposition of two inconsistent statements" renders the notice invalid under § 1692g).

A recent decision by this Court, *Goodrow v. Friedman & MacFadyen, P.A.*, No. 3:11CV20, 2013 WL 3894842 (E.D. Va. July 26, 2013), this Court discussed the materiality standard and its application to misrepresentations under the FDCPA in depth. In *Goodrow*, then Magistrate Judge Lauck recognized that materiality must be shown for misrepresentations under § 1692e. *Goodrow*, No. 3:11CV20, 2013 WL 3894842, at *6 n.27. Alternatively, Judge Lauck suggested that materiality does not however apply to § 1692g claims. The Court stated:

> Section 1692g(a)(2) expressly requires a debt collector to disclose "the name of the creditor to whom the debt is owed," suggesting that the Court need not address materiality under this section because a failure to identify the noteholder would plainly violate the dictates of that section. The *Lembach* analysis involves only § 1692e and § 1692f claims, not § 1692g claims.

> The Court notes that, *pre-Lembach,* the Fourth Circuit concluded in *Warren v. Sessoms & Rogers, P.A.,* 676 F.3d 365, 374 (4th Cir.2012) that a failure to disclose that a communication is from a debt collector, in violation of 15 U.S.C. § 1692e(1 1), required no materiality assessment because the statute expressly prohibited the failure to disclose.

*Goodrow*, No. 3:11CV20, 2013 WL 3894842, at *10 n.36 (E.D. Va. July 26, 2013). Thus, this Court has previously suggested that materiality does not apply to § 1692g claims because those disclosures are already expressly required by the FDCPA.

After extensive briefing on this issue at the class certification stage, Judge Gibney reached the same conclusion less than six months ago. *Kelly*, Case No. 3:13-cv-00311(JAG) (Dkt. No. 79) ("At this point in the case, the Court is not persuaded by Nationstar's argument that materiality applies to a § 1692g claim."). After the Court made this finding and granted class certification, Nationstar submitted a Rule 23(f) Interlocutory Appeal on this issue, which was denied by the Fourth Circuit. This appeal included the specific question of "whether [the Court] erred in holding that a materiality standard does not apply to Plaintiff's claim of confusion under Section 1692g(a)(1) and, based on that holding, granting Plaintiff's Motion for Class Certification." *Kelly*, Case No. 3:13-cv-00311(JAG) (Dkt. No. 98-1 at 5).

The lack of a materiality standard is significant given Defendant's attempts to downplay the significance of its § 1692g violations.

### 2.    Defendant's Attempt to Distinguish *Fariasantos* Fails.

Plaintiff's Complaint alleges that the Defendant violated the FDCPA for failing to include the § 1692g(a)(3) language stating that it is the *debt collector* who will assume this debt to be valid. *See* Pl.'s Compl. ¶¶ 20–28. In response to this claim, Defendant makes virtually the same exact argument rejected by this Court in *Fariasantos*, *i.e.*, that the multiple references to Defendant throughout the letter somehow conclusively connects it to the § 1692g(a)(3) disclosure. Def.'s Mem at 8. In doing so, Defendant misrepresents the Court's analysis and insinuates that the other alleged violation—the threat of imminent legal action—contributed significantly to the Court's holding on the plaintiff's § 1692g claim. This could not be farther

from the truth. The applicable portion of Judge Payne's Opinion in *Fariasantos* is quoted at length below because of its applicability to these same facts and legal arguments:

> Rosenberg's omission of the phrase "by the debt collector" and inclusion of a notice that failure to contest the debt will not be construed by a court as an admission of liability does not convey, in any sense, that "only the debt collector may assume the debt valid."

> First, the Court looks to the plain language of the FDCPA for guidance on the language to be included in dunning letters. In *§ 1692g(a)(3)*, the FDCPA says that a written notice (such as the one in this case) to the consumer shall contain: "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.". It is true that defendants "need not use the verbiage 'by the debt collector'" in their letters. *Harlan v. NRA Group, LLC, 2011 U.S. Dist. LEXIS 12751, at *11 (E.D. Pa. Feb. 9, 2011)*; see also *Vitullo, 684 F. Supp. 2d at 756* (holding the same). However, the letters "must include some language that makes clear it is only the debt collector that may assume validity and only for collection purposes; otherwise the debtor is left uncertain about what entity will make the assumption and for what purpose." *Harlan, at *11*. The Pennsylvania district court's decision makes sense. Without the qualifying prepositional phrase "by the debt collector," the passive statement that a debt "will be assumed to be valid" simply does not convey who will be doing the assuming. ***The Letter's failure to state who will assume the validity of the debt does not fulfill Rosenberg's clear obligation under the statute to tell the consumer that it is the debt collector who will assume the debt to be valid.***

> Second, and contrary to Rosenberg's argument, the inclusion of the Letter's final conspicuous sentence alerting the consumer that his "failure to contest the validity of the debt under the Act may not be construed by any Court as an admission of liability" does nothing to alert the consumer to those parties who may assume the validity of the debt. Telling a consumer that a court will not interpret consumer's actions as an admission of liability does not clarify the consumer's understanding of who will assume that his debt is valid. This is true for two reasons. First, assumption of validity and an admission of liability are two different concepts. Second, even if a court would not assume the validity of the debt, the consumer is still left in the dark about who will assume the debt's validity. The fact that persons or entities A, B, and C will not come to a certain conclusion says nothing about the conclusions and assumptions of persons or entities D through Z.

> *In reply, Rosenberg argues that Plaintiff's argument regarding other relevant entities is bizarre and that the use of the words "this office" and "we" actually illustrates that the Letter effectively conveys that ONLY the debt collector may assume the debt valid. However, the key sentence at issue here does not contain the words "we" or "this office." The use of "we" and "this office" occurs only in the context of sending notification of contest and dispute, obtaining verification of the debt, provision of the name and address of the original creditor, and cessation of collection activities pending verification of the debt. To read "we" or "this office" into the passively worded opening sentence of the paragraph without those words would be to assume the presence and import of words that simply are not there. Rosenberg's use of the passive voice effectively obscures the identification of the subject who is acting out the verb of the sentence. The Court recognizes that it is to examine the Letter in its entirety and not sentence-by-sentence.* Vitullo, 684 F. Supp. 2d at 756. However, even in light of the surrounding sentences and the general context of the Letter, the Court cannot extract substantive meaning from a sentence that was drafted in a way that obscures such meaning.
>
> The Letter's failure to state who would assume the debt's validity does not comply with *§ 1692g(a)(3)* of the FDCPA, and the inclusion of the Letter's final sentence does nothing to correct or clarify that omission. Here too the Defendant used language that would reasonably be understood by the least sophisticated consumer to convey more than the law allows. It is unlikely that the selection of that text was inadvertent.

*Id*. at *22-27 (emphasis added). The *Fariasantos* analysis dooms Defendant's defense of the § 1692g(a)(3) claim, certainly at the motion to dismiss stage.

*Fariasantos* is not the only opinion to address this precise issue. In another case directly on point with the present facts, a plaintiff alleged that the omission of the phrase "by the debt collector" or its equivalent rendered an attorney's collection letter an ineffective validation notice because it would confuse the least sophisticated debtor as to who or what entity would assume[1] the debt to be valid. *Smith v. Hecker*, 2005 U.S. Dist. LEXIS 6598, 15* (E.D. Pa. 2005). The

---

[1] To be clear, the language used in the validation notice in *Smith* used the word "assess" instead of the word "assume." *Id*. However, this distinction did not make a material difference in the court's analysis of the § 1692g violation.

plaintiff further argued that the attorney's collection letter did not alleviate this confusion by replacing the phrase "by a debt collector" with some other reference to "we" or "us" so that the least sophisticated consumer would have some clue as to who would assume the debt to be valid. *Id*. The court agreed with both of these arguments, finding: (1) that on its face the letter did not meet the requirements of § 1692g(a)(3); and (2) that the use of the words "us" and "we" in other parts of the letter did not connect with the verb assumed. *Id*. at 17-18 ("[The debt collector's] use of the words 'us,' 'we,' and 'our' in other parts of the debt validation notice does not connect with the verb 'assessed.' As a result, the least sophisticated debtor may be led to believe that unless she disputes the validity of the debt asserted by the debt collector, her debt will be determined to be valid by a court, credit report agency, or other entity of authority."); *see also Harlan v. NRA Group,* 2011 U.S. Dist. LEXIS 12751, *11 (D. Pa. 2011) (finding that the defendant's omission of the language "by a debt collector" could lead the least sophisticated consumer to believe that the failure to dispute the debt would create an assumption of validity "by a court ***or other entity of authority in a subsequent collection proceeding***" (emphasis added)).

　　As recognized in *Fariasantos*, *Smith,* and *Harlan*, a court is not the only other entity that a consumer could believe would assume the debt to be valid. For example, the assumption that the debt is valid may lead the least sophisticated consumer to refrain from disputing the debt when the information appeared on his credit report. Likewise, it may also lead the consumer to believe that the original creditor or servicer may assume that the debt is valid. Case law across the country has recognized that a court and the debt collector are not the only two entities that may be relevant for the purposes of the § 1692g(a)(3) notice. *See, e.g., Galuska v. Collectors Training Inst. of Ill., Inc.*, 2008 U.S. Dist. LEXIS 39508, at *5 (M.D. Pa. May 13, 2008) (finding

failure to include "by the debt collector" or words such as "we" or "this office" in the required disclosure would lead least sophisticated debtor to believe the debt would be assumed valid by some other entity); *Orr v. Westport Recovery Corp.*, 2013 U.S. Dist. LEXIS 56222, at *5-6 (N.D. Ga. April 16, 2013) (finding that the consumer's right to dispute under § 1692g(a)(3) extends to judgments, not just prejudgment debts; therefore, regardless of whether the judgment may be assumed to be valid by the court or other authorities, the FDCPA requires the notice to expressly limit the assumption of the validity to only the debt collector); *Nelson v. Select Fin. Servs., Inc.*, 430 F. Supp. 2d 455, 457-458 (E.D. Pa. 2006).

> As one court recently put it:

> The FDCPA requires that a validation notice specifically include 'a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector*.' 15 U.S.C. § 1692g(a)(3) (emphasis added). Therefore, as other courts have held, 'the absence of the term 'by the debt collector,' or its equivalent here, is a sufficient allegation [of an FDCPA violation] to survive the standard for a motion to dismiss.

*Diaz v. Residential Credit Solutions, Inc.*, 2013 U.S. Dist. Lexis 61693 (E.D. NY April, 29, 2013).

Based on the reasoning from this case law, Defendant's motion as it relates to the § 1692g(a)(3) claim should be denied.

### 3. Defendant's Reliance on *Caceres* is Misplaced.

Defendant mistakenly relies on *Caceres* in support of its position. (Def's Mem at 10.) In *Caceres*, "[t]he letter stated that failure to dispute within that period of time would result in the debt being assumed valid **by the creditor**, whereas the Act requires a statement that the debt collector—not the creditor—will assume the debt's validity in the case of a failure to dispute

within thirty days." *Id.* at *2. Defendant bases its reliance on *Caceres* on the following selective

quotation from footnote 5 of the Eleventh Circuit's opinion:

> *see id.* at *12 n. 5 (noting that subsection (a)(3) "conveys to the consumer that
> failure to dispute the debt permits the debt collector to proceed for collection
> purposes on the 'temporary fiction' that the debt is valid, that failure to dispute a
> debt has no legal effect on debtor's rights and that in any subsequent collection
> action, the burden would remain on the debt collector.  However we do not think
> that the least sophisticated consumer would understand or even be aware of that
> fiction. Thus, because the language actually required by the statute creates the
> same implication, we cannot conclude that [the debt collector's] actual language
> was any more misleading than the precise language required by the statute."

Def's Mem. at 10.

Defendant selectively quotes only the first paragraph of footnote 5. However, in the very

next paragraph, the Eleventh Circuit distinguished the § 1692g(a)(3) claim before it from the

precise § 1692g(a)(3) claim asserted herein by Mr. DeCapri. The portion of the *Caceres* footnote

that Defendant does not quote reads as follows:

> Most of the cases relied upon by Caceres involved validation notices that omitted
> altogether the phrase "by the debt collector," § 1692g(a)(3), and did not advise the
> debtor what entity would be entitled to assume the debt to be valid. . . . Those
> cases concluded that a validation notice that did not identify the entity which
> could assume the validity of the debt meant that the least sophisticated consumer
> might reasonably believe that the failure to dispute the debt within thirty days
> would entitle a court or other authoritative entity to assume the validity of the
> debt--i.e., that the debtor's right to dispute the debt after the thirty days would be
> adversely affected. Of course, such a perception would be inconsistent with the
> statute, which expressly provides that the failure of the debtor to dispute the debt
> within thirty days "may not be construed by any court as an admission of
> liability." § 1692g(c). The risk that the least sophisticated consumer would think
> that a court or other authoritative agency would be entitled to assume the validity
> of the debt--the risk feared by those cases--is not present in the instant case.

*Caceres* at *12 n. 5 (citations omitted). Thus, the Eleventh Circuit case relied on by the

Defendant adopts the same reasoning employed by this Court in *Fariasantos*.[2]

---

[2] Defendant also relies on  *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360 (2d Cir.
2005) in support of its position. The facts in *Greco* were nearly identical to *Carceres* because it

4.      **The United Recovery Service Opinion is Not Persuasive.**

Defendant also relies heavily on *Shapiro v. United Recovery Service, L.L.C.*, 2009 WL 1313194 (N.D. Il. 2009), an opinion that it contends "involved a provision very similar to the one challenged in Exhibit A to the Complaint." Def.'s Mem at 7. In the *United Recovery Service* court's one paragraph analysis of the § 1692g(a)(3) claim, it concluded that:

> [A]lthough the letter does not expressly include the language 'by the debt collector,' even unsophisticated consumers would recognize that URS is the entity that will assume the debt is valid. Shapiro's perception that the letter is deceptive on this basis only and that she is entitled to statutory relief is an unrealistic expectation.

*Id*. at *2.

The court found that by including the words "this office" in the sentence giving the § 1692g(a)(4) disclosure, excused the debt collector's failure to make a correct § 1692g(a)(3) disclosure. *Id.* at *5. This kind of reasoning can only be seen as a dog that will not hunt in the Fourth Circuit in light of the clear dictates of *Clark v. Absolute Collection Serv., Inc.*, 741 F.3d 487 (4th Cir. 2014).

Sections 1692g(a)(3), 1692g(a)(4), 1692g(a)(5), and 1692g(a)(6) are each components of a logical scheme of consumer rights. "As written, section 1692g(a)(3) triggers statutory protections for consumers independent of the later sections 1692g(a)(4), 1692g(a)(5), and 1692g(b)." *Id*. at 491. In deciding *Clark*, the Fourth Circuit describes its constraints when interpreting the specifics of the § 1692g Validation Notice regimen as follows:

> [U]nder well-established principles of statutory construction, this Court must give effect, if possible, to every clause and word of a statute. If possible, a court should avoid an interpretation that renders any "clause, sentence, or word . . . superfluous, void, or insignificant.

---

involved substitution of the word "creditor," as opposed to omitting any statement regarding who would assume the validity of the debt if the consumer did not dispute the debt.

*Clark*, 741 F.3d at 491 (internal citations omitted).

*Clark* uses exactly the same kind of analytical approach taken by this court in its *Fariasantos* ruling. With all due respect to the United States District Court for the Northern District of Illinois, that court's sparse reasoning in the 2009 *United Recovery Service* opinion is inconsistent with pretty much all subsequently developed case law on this point. It is directly contrary to *Fariasantos*. It is contrary to the interpretive dictates of the Fourth Circuit in *Clark*.

Moreover, given the dramatic differences in length and text between Exhibit A to the Complaint and the dunning letter at issue in *United Recovery Service* (attached hereto as Exhibit 1), it is surprising that Defendant offers that case in support of its Motion to Dismiss. The *United Recovery Service* dunning letter is all on one page. The § 1692g debt validation notice is made in one paragraph that reads:

> Unless you, the recipient of this notice, dispute the validity of this debt in whole or in part within thirty (30) days after receipt of this notice, this debt will assumed to be valid. If you notify this office in writing within the thirty (30) day period that this debt or any portion thereof is disputed, this office will obtain verification of the debt and it will be mailed to you. Please be further advised that unless this office is notified in writing as outlined above, we reserve the right to continue our collection efforts.

(Ex. 1). By contrast, Defendant's dunning letter, Exhibit A to the Complaint, is spread over two pages containing six confusing, convoluted, and inconsistent numbered paragraphs. Of course, the letter must be viewed as a whole, but Defendant's whole letter does nothing to fill the gap on who will assume the debt is valid, especially in light of the least sophisticated consumer standard.

Counsel for Plaintiff has searched and does not find a single instance in which another court has cited *United Recovery Service*—a cursory, unimpressive, outlier case that has not been cited by another court since it was issued. In any event, the landscape has totally changed since

*United Recovery Service* was decided in 2009. The violation has been reinforced by the Eleventh Circuit opinion in *Caceres*. In *Fariasantos*, Judge Payne carefully and clearly articulated the basis for the violation, citing numerous recent cases making similar findings. *United Recovery Service* does not trump *Caceres* or *Fariasantos*.

**E.      The Plaintiff Plausibly Alleges That Defendant Violated § 1692g(a)(4).**

In Count II of the Complaint, Plaintiff alleges that Defendant violated § 1692g(a)(4) by including additional language in its letter that overshadows and contradicts the § 1692g(a)(4) disclosure. In particular, Defendant's letter reads:

> 3. The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this letter. If you do not dispute during this period, it will be assumed to be valid. The law also entitles you to request that we provide you the name of the original creditor if the original creditor is different from the current creditor, Wells Fargo Bank, NA. ***If you choose to dispute the debt, or any portion thereof, you must notify us within thirty (30) days of the date you receive this letter.***

> 4. If you notify us in writing within thirty (30) days of the date you receive this letter that you are disputing the debt or any portion thereof, or if you notify us in writing within thirty (30) days of the date you receive this letter that you want to know the name of the original creditor if that creditor is different from Wells Fargo Bank, NA, then we will obtain and mail to you verification of the debt and/or the name and address of the original creditor.

(Compl., Ex. A) (emphasis added). The additional language included in the Defendant's letter is not only a false statement in violation of § 1692e, but it also overshadows and contradicts the required § 1692g(a)(4) "in writing" requirement.

The confusing nature of the dunning letter makes it impossible for the least sophisticated consumer, or any reader, to determine from Defendant's Validation Notice the "logical, bifurcated scheme of consumer rights" created in § 1692g. *See Clark v. Absolute Collection Service, Inc.*, 741 F.3d 487, 490 (4th Cir. 2014).  Defendant's letter thus obscures the unique importance of each of the particularized subsections built into the § 1692g debt validation

disclosure regimen. *Id.* ("In line with the Second and Ninth Circuits, we find that the FDCPA clearly defines communications between a debt collector and consumers. Sections 1692g(a)(4), 1692g(a)(5), and 1692g(b) explicitly require written communication, whereas section 1692g(a)(3) plainly does not.").  The convoluted nature of the dunning letter's purported § 1692g validation of debts disclosure makes it impossible to determine the consumer's rights and responsibilities under each of the particularized subsections, for example, which rights attach to a written dispute and which to all disputes, written or oral.

Defendant defends its noncompliance with § 1692g(4) by arguing that its letter is understandable to the least sophisticated consumer when read "as a whole." Def Mem at 2. Of course, Plaintiff agrees that the letter must be read as a whole—as its confusion argument is predicated on reading these two paragraphs together, which create confusion regarding what disputes must be in writing and the effect of an oral dispute. This is especially true in this situation because Defendant further omitted the "in writing" requirement in its § 1692g(b) provision. Plaintiff's approach is consistent with the dictates of the Fourth Circuit's analysis of § 1692g claims. *Clark*, 741 F.3d at 490 (4th Cir. 2014). Specifically, the Fourth Circuit's ruling in *Clark* states as follows:

> Pursuant to *section 1692g(b)*, if a consumer "notifies the debt collector in writing" that the debt is disputed, the debt collector must "cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . .  and a copy of such verification . . . is mailed to the consumer by the debt collector." *15 U.S.C. § 1692g(b)*.
> ...
>
> In line with the Second and Ninth Circuits, we find that the FDCPA clearly defines communications between a debt collector and consumers. *Sections 1692g(a)(4), 1692g(a)(5)*, and *1692g(b)* explicitly require written communication, whereas *section 1692g(a)(3)* plainly does not.

*Id*. Based on the guidance from *Clark*, if Plaintiff or any of the putative class merely disputed by telephone rather than in writing, they would inadvertently lose the protections in § 1692g(a)(4).

Moreover, years ago, in *Turner v. Shenandoah Legal Group*, 2006 U.S. Dist. Lexis 39341 (E.D. Va. 2006), the Court followed the Fourth Circuit's *Miller v. Payco* opinion, stating that to "be sufficient, a validation notice must be conveyed effectively to the consumer." *Turner*, 2006 U.S. Dist. Lexis 39341 at *20-21. In doing so, this Court further followed the Fourth Circuit's *National Financial Services, Inc.*, opinion stating that "a validation notice cannot be overshadowed or contradicted by other statements within the same letter." *Id.* at 21.

The dunning letter at issue in *Turner* included the following:

> two thirty-day periods: (1) payment is demanded within thirty days from the letter's draft, and (2) dispute of the debt is also allowed within thirty days from the letter's receipt. The first sentence of the closing paragraph does not specify which thirty-day period it is referencing. That the payment period and the dispute period are both thirty days long, but from different starting dates, may confuse and mislead the least sophisticated consumer.

*Id.* at 23. Judge Dohnal found that the "potentially confusing elements" in the letter, including "the inconsistent thirty-day payment and dispute periods . . . preclude granting dispositive relief to the Defendants because of the deference that must be given to the allegations of the Complaint and/or the existence of disputed material facts as to whether the validation notice was overshadowed or contradicted by other contents of the communication." *Id.* at 26.

In reality, Defendant would have the Court interpret the least sophisticated consumer standard to require the consumer to read numbered paragraph 4 in isolation. (Def.s Mem. at 12) ("Here, the Letter included language that complies with 15 U.S.C. § 1692g(a)(4), specifically referencing what rights are afforded to Plaintiff under subsection (a)(4) if he disputes the debt in writing."). Defendant would also have the Court and the least sophisticated consumer simply ignore the false statement that "[i]f you choose to dispute the debt, or any portion thereof, you

must notify us within thirty (30) days of the date you receive this letter." *Id*. What Defendant is contending is that the consumer should read numbered paragraph 4 in its dunning letter in isolation and should ignore that portion of numbered paragraph 3 immediately above that misstates the consumer's rights and responsibilities that the debt collector must disclose for purposes of § 1692g(a)(4)—the "in writing" requirement considered by this Court in *Bicking*. In other words, the least sophisticated consumer should disregard the following two sentences in numbered paragraph 3 of the dunning letter, which make no reference to the "in writing" requirement.

As a backup argument, Defendant blames the convoluted nature of its letter on the FDCPA itself. "To the extent that Plaintiff asserts that this notice is confusing, his confusion arises, not from the notice, but from the differences among the provisions of the Act itself." Def's Mem at 12. The Fourth Circuit has shown no patience for this sort of argument. Where, as in the case of the FDCPA, the statute's language is plain, the sole function of the courts is to enforce it according to its terms. *Scott v. Jones*, 964 F.2d 314, 316 (4th Cir. 1992); *see, also Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007)  ("[The debt collector] asks that we disregard the statutory text in order to imply some sort of common law litigation immunity. We decline to do so. Rather, 'where, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms.' The debt validation provisions of the FDCPA is a logical scheme of consumer rights.").

Accordingly, Defendant's motion to dismiss as it relates to the § 1692g(a)(4) claim should be denied.

**F. The Plaintiff Plausibly Alleges That Defendant Violated § 1692e.**

Section 1692e provides that:

> A debt collector may not use any false, deceptive, or misleading representation
> . . . in connection with the collection of any debt [including]:
>
> ...
>
> (10) The use of any false representation or deceptive means to collect or attempt
> to collect any debt .....

15 U.S.C. § 1692e. The Plaintiff alleges that the Defendant violated this provision by (1) failing to include "by the debt collector" or similar language in the required § 1692g(3) component of the thirty day validation notice disclosure, (2) by including in its dunning letter the false statement that "(I)f you choose to dispute the debt, or any portion thereof, you must notify us within thirty (30) days of the date you receive this letter," and (3) by omitting the "in writing" requirement from the statement of the consumer's § 1692g(b) rights that it included in its form dunning letter. *See* Pl.'s Compl. ¶¶ 12–48. A cursory review of the Complaint reveals that Plaintiff not only plausibly alleged violations of §§ 1692e, but that Defendant violated the statute as a matter of law. Nevertheless, Defendant's opposition attempts to factually attack the Plaintiff's allegations and altogether ignores the law in this Circuit, this District and this Division which has rejected the very arguments Defendant now asserts.

**1. The Plaintiff Plausibly Alleges That Defendant Misrepresented the Consumer's Ability to Dispute the Debt Beyond the Thirty-day Validation Period.**

Defendant's dunning letter misleads the least sophisticated consumer by stating that:

> If you choose to dispute the debt, or any portion thereof, you **must** notify us within thirty (30) days of the date you receive this letter.

(Compl., Ex. A) (Emphasis added). Defendant contends that "(P)laintiff's interpretation of the Letter is unreasonably narrow." Def's mem at 14. However, the statement that, "if you choose to dispute the debt, or any portion thereof, you **must** notify us within thirty (30) days of the date you receive this letter," is absolutely false. A consumer may dispute a debt at any time. While §

1692g establishes a debt validation process affording consumers certain debt validation rights and responsibilities limited to an initial thirty day period, other portions of the Act, as well as the law of creditor/debtors rights in general, allow a consumer to dispute a debt at any time, and certainly beyond the § 1692g thirty day validation period.

The FDCPA provides a range of instances in which a consumer is able to dispute a consumer debt outside of the thirty-day validation period. As the Fourth Circuit noted in *Clark*, if a consumer owes multiple debts and makes a payment, a debt collector cannot apply that payment to a debt that has been disputed orally. 15 U.S.C. § 1692h. There is no time limit on a consumer's ability to invoke this rule. As summarized in the Ninth Circuit's *Camacho* opinion, embraced on all fours by the Fourth Circuit in *Clark*:

> Oral dispute of a debt precludes the debt collector from communicating the debtor's credit information to others without including the fact that the debt is in dispute. Additionally, if a consumer owes multiple debts and makes a payment, the debt collector is prohibited from applying such payment to a debt which is in dispute. Moreover, a debtor's oral notification to a debt collector entitles a debtor to relief under § 1692c(a)(1), which bars communication with a debtor at "a time or place known or which should be known to be inconvenient to the consumer."

*Camacho*, 430 F.3d at 1082 (citations omitted).

The First Circuit also made this point clear over fifteen years ago in *Brady v. Credit Recovery Co.*, 160 F.3d 64 (1st Cir. 1998). In *Brady*, the First Circuit made clear that a consumer may dispute a debt at anytime—not just within the thirty day validation period. *Id*. In making this determination, the court found that § 1692g(b) "does not define disputed debt for the entire FDCPA. . . ." *Id*. at 67. If the meaning did carry over, the court reasoned that "then, in order to trigger the limited protection of § 1692e(8), a consumer would be required to submit written notice to a debt collector within the initial thirty-day period. . . . " *Id*. To that end, the First Circuit found that a consumer could invoke the protections of § 1692e(8) "regardless of how or when" the debt collector acquired the knowledge that the debt was disputed. *Id*. Defendant's

statement that the consumer "**must** notify us within thirty (30) days of the date you receive this letter" infers that a consumer may only dispute the debt within the thirty-day validation period.

Defendant cites one case, *McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 911 F. Supp. 2d 1 (D. MA 2012), in making its argument that "the letter does not misrepresent Plaintiff's ability to dispute the debt outside of the thirty day period provided by the FDCPA." *Id*. at 20. The § 1692g(a)(3) disclosure reads:

> You have thirty days after you receive this letter to dispute the validity of the debt, or any part of it. If you don't dispute it within that period, we will assume that it's valid.

*Id*. at 24. *McDermott* rejected the argument that this language "misleadingly inferred" that the plaintiff had only thirty days in which he could dispute the debt, instead of making it clear that the thirty days only applied to the debt collector's right to *assume that the debt was valid*. That is not the case here, where Defendant added a specific sentence to its Validation Notice, making the false statement that in order to dispute the debt you must do so within thirty days, which in no ways was connected to its § 1692g(a)(3) disclosure. Nowhere in the *McDermott* validation notice is there such an imbedded sentence making such a false statement.

Without question, Defendant's inclusion in the § 1692g(a)(3) portion of its Validation Notice the gratuitous statement that, "if you choose to dispute the debt, or any portion thereof, you **must** notify us within thirty (30) days of the date you receive this letter," is the inclusion of a false statement that constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e, and more specifically the use a false representation or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10). Moreover, as recognized by this Court in *Fariasantos*, "[i]t is unlikely that a law firm that specializes in collection and foreclosure work made its election inadvertently. *Fariasantos*, 2014 WL 928206 at 7.

**2. The Plaintiff Plausibly Alleged that Defendant Misrepresented the Provisions of 15 U.S.C. § 1692g(b).**

In Section IV of its memorandum, Defendant does not cite to a single authority in defense

of numbered paragraph 6 of Exhibit A to the Complaint. The challenged language states:

> If you request proof of the debt or any portion thereof or if you request the name of the original creditor within thirty (30) days from the date you receive this letter, the Fair Debt Collection Practices Act requires us to suspend our efforts to foreclose on the Deed of Trust/Mortgage on your property, until we mail you the information validating the debt and/or until we provide you with the name of the original creditor.

By contrast, § 1692g(b) provides:

> Disputed debts. If the consumer notifies the debt collector *in writing* within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector *in writing* that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b) (emphasis added). Defendant's Paragraph 6 statement of the § 1692g(b)

disputed debts protections under the FDCPA omits the Act's requirement that the consumer

notify the debt collector *in writing* in order to invoke the debt validation rights contained in §

1692g(b). As the controlling Fourth Circuit opinion in *Clark* provides, § 1692g(b) **explicitly**

**requires written communication**.

*Clark* is of course consistent with relevant precedent elsewhere. In *Brady*, the First

Circuit ruled that § 1692g(b) requires that validation process disputes "be submitted in writing."

In *Camacho*, the Ninth Circuit found that § 1692g(b) provides that if the consumer notifies the collector of a dispute *in writing* within the 30-day period, the collector shall cease collection activities until he obtains the verification or information required by 15 U.S.C. § 1692g(a)(4) and (5). The Second Circuit has also adopted this reading, finding:

> Section 1692g(b) thus confers on consumers the ultimate power vis-à-vis debt collectors: the power to demand the cessation of all collection activities." It therefore makes sense to require debtor consumers to take the *extra* step of putting a dispute in writing before claiming the more burdensome set of rights defined in § 1692g(a)(4), (a)(5) and (b). This is certainly not the type of patently unreasonable policy that could cause us not to apply the straightforward language of the statute.
>
> As a result, Forman Holt's challenge to the statutory structure is unavailing. Debtors can protect certain basic rights through an oral dispute, but can trigger a broader set of rights by disputing a debt in writing. Admittedly, a scheme where some rights can be asserted orally while others require a written statement is more complex than one where all rights require a written statement. But even if we were inclined to strike a different balance between the value of allowing oral disputes and the value of simpler requirements for debtors, "[w]e are not at liberty to substitute a view different from that expressed by Congress in the legislative enactment."

*Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013) (internal citations omitted).

Case law in this Division has been consistent with the Fourth Circuit's *Clark* ruling for years. In 2011, this Court, citing both *Camacho* and a 1997 Judge Merhige opinion, provided a clear beacon for applicable § 1692g(b) compliance in the following fashion:

> The plain meaning of § 1692g is that debtors can trigger the rights under subsection (a)(3) by either an oral or written "dispute," while debtors can trigger the rights under *subsections* (a)(4) and (a)(5) *only* through written dispute. "[I]f a consumer contests a debt by telephone rather than in writing, the consumer will inadvertently lose the protections for debtors set forth in the FDCPA; the debt collection agency would be under no obligation to verify the debt and cease all collection efforts as required by § 1692g(b)."

*Bicking v. Law Offices of Rubenstein & Cogan*, 783 F. Supp. 2d 841, 845 (E.D. Va. 2011) (emphasis added) (citations omitted).  The Defendant's attempts to argue otherwise in face of such clear contrary authority in this Circuit, this Court and others should be rejected.

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss should be denied.

<div style="margin-left: 50%">

Respectfully submitted,
R. Dante DeCapri
By Counsel

</div>

   /s/
By: Kristi Cahoon Kelly, VSB #72791
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
(703) 424-7572
(703) 591-0167Facsimile
kkelly@kellyandcrandall.com

Leonard A. Bennett, VSB #37523
Susan M. Rotkis, VSB #40639
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail: lenbennett@clalegal.com
E-mail: srotkis@clalegal.com

Matthew J. Erausquin, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd., Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile

Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House

112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

*Counsel for Plaintiff*

<div align="center">

**CERTIFICATE OF SERVICE**

</div>

I hereby certify that on the 15th day of August, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Bizhan Beiramee, Esquire
McGinnis Wutscher Beiramee LLP
7508 Wisconsin Ave., 2nd floor
Bethesda, MD 20814
bbeiramee@beiramee.com

John C. Lynch, Esquire
Megan E. Burns, Esquire
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
john.lynch@troutmansanders.com
megan.burns@troutmansanders.com

*Counsel for Defendant*

_____/s/_____
Kristi Cahoon Kelly, VSB #72791
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
(703) 424-7572
(703) 591-0167Facsimile
kkelly@kellyandcrandall.com