UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

R. DANTE DECAPRI,
on behalf of himself and others
similarly situated,

                Plaintiff,

v.                                         Civil Action No. 3:14cv201-HEH

LAW OFFICES OF
SHAPIRO BROWN & ALT, LLP,

                Defendant.

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

COMES NOW the Plaintiff, Dante DeCapri, by counsel, and respectfully moves the court for leave to file supplemental authority directly related to the Defendant's Rebuttal Brief in Support of its Motion to Dismiss Pursuant to Rule 12(b)(6) (Docket No. 28) and in support of Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Docket No. 27). Under the rules of this court, the Plaintiff is not entitled to file any additional papers and therefore, under L. Rule 7(F)(1), seeks leave to file supplemental authority directly bearing on the issues presented in the Defendant's Opposition and the Plaintiff's Reply. *See, Dennis v. Wells Fargo Bank*, N.A., Civ. No. 2:11CV401-MSD (E.D.Va. Oct. 24, 2011)(Docket No. 29) (granting leave to file supplemental authority in the form of a court's hearing transcript that was not available at the time the plaintiff's response was due). In this case, the Plaintiff seeks leave to call to the Court's attention a new opinion from the Fourth Circuit, *Russell v. Absolute Collection Services*, --- F.3d ---, 2014 WL 3973792, 2014 U.S. App. Lexis 15718 (4th Cir. 2014), attached hereto as Exhibit A

*Russell* is the latest in a line of Fourth Circuit cases strictly interpreting the text of the

Page 1

FDCPA as it is written.[1] In addition to providing an instructive review of the 15 U.S.C. § 1692g debt validation regimen,[2] *Russell* provides continued Fourth Circuit direct support for Plaintiff's Count Four claim that Defendant used a false representation or deceptive means to collect or attempt to collect a debt by falsely stating in Exhibit A that if Plaintiff chooses to dispute the debt, he **must do so** within thirty days of the date he received Exhibit A.

> Given the explicit protection conferred upon debtors who choose not to dispute their debts, it would be anomalous to conclude that a debtor forfeits his or her ability to bring a lawsuit under the FDCPA simply because the debtor failed to invoke *§ 1692g*'s discretionary validation procedures.
>
> Further, allowing debtors to raise claims under *§ 1692e* without first contesting the debt best promotes the remedial nature of the FDCPA because it preserves debtors' abilities to obtain a remedy for violations of the statute.
>
> ...
>
> Under Absolute Collection's construction of the statute, a debt collector would have free rein to make false or deceptive representations about the status of a debt if the debtor failed to dispute its validity within thirty days of receiving the initial collection letter. Shielding debt collectors from liability for their falsehoods would thwart the statute's objective of curtailing abusive and deceptive collection practices and would contravene the FDCPA's express command that debt collectors be liable for violations of "any provision" of the statute.
>
> ...

---

[1] Where, as in the case of the FDCPA, the statute's language is plain, the sole function of the courts is to enforce it according to its terms. *Scott v. Jones*, 964 F.2d 314, 316 (4th Cir. 1992). The Fourth Circuit refused to follow the debt collector's argument that the court resort to legislative history. It similarly refused later in *Sayyed v. Wolpoff & Abramson*, 485 F.3d 226 (4th Cir. 2007). (W&A asks that we disregard the statutory text in order to imply some sort of common law litigation immunity. We decline to do so. Rather, "where, as here, the statute's language is plain, the sole function of the courts is to enforce it according to its terms.")

[2] "Section 1692g requires debt collectors to send written "validation notices" to debtors informing them of their rights to require verification and dispute a debt. Pursuant to § 1692g, the validation notice must include the amount of the debt, the name of the creditor, and "a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(1)-(3). The notice also must apprise the debtor that, upon written request within thirty days, the debt collector will provide [*13] verification of the debt and the name and address information of the original creditor if different from the current creditor. Id. § 1692g(a)(4)-(5). If, within the thirty-day period, the debtor notifies the debt collector in writing that the debt is disputed or requests the name and address of the original creditor, the debt collector must suspend collection activity until it obtains verification of the debt or the requested information is mailed to the consumer. Id. § 1692g(b)." 2014 U.S. App. Lexis 15718, *12-13.

> Congress obviously did not intend to immunize debt collectors from liability for violations of the FDCPA while concomitantly depriving debtors of a remedy under the statute.
> ...
> .... allowing debtors to seek relief for violations of *§ 1692e* without disputing their debts does not render the statute's validation procedures superfluous.

2014 U.S. App. Lexis 15718, *15-18.

Defendant's August 29, 2014 Rebuttal Brief (Docket No. 28) does not address the Fourth Circuit's *Russell* decision. Good cause is shown for the filing of supplemental authority to bring to the Court's attention the Fourth Circuit's most recent opinion interpreting the § 1692g Validation Notice requirements and the relationship between the Validation Notice disclosure provisions and the § 1692e prohibitions against the use of false or misleading representations in connection with the collection of a debt.

                                              Respectfully submitted,
                                              R. Dante DeCapri
                                              By Counsel

_____/s/_____
By: Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

Kristi Cahoon Kelly, Esq., VSB #72791
KELLY & CRANDALL, PLC
4084 University Drive, Suite 202A
Fairfax, VA 22030
(703) 424-7572
(703) 591-0167Facsimile
kkelly@kellyandcrandall.com

Leonard A. Bennett, VSB #37523
Susan M. Rotkis, VSB #40639
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA 23606
(757) 930-3660
(757) 930-3662 Facsimile

Matthew J. Erausquin, VSB #65434
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Rd, Suite 600
Alexandria, VA 22314
(703) 273-7770
(888) 892-3512 Facsimile

Counsel for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 11th day of September, 2014, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

      Bizhan Beiramee (VSB #50918)
      Alexander R. Green (VSB #83937)
      MCGINNIS WUTSCHER BEIRAMEE, LLP
      7508 Wisconsin Avenue, Second Floor
      Bethesda, Maryland 20814
      bbeiramee@beiramee.com
      Phone: (301) 547-3805
      Fax:    (703) 483-9599

      John C. Lynch (VSB No. 39267)
      Megan E. Burns (VSB No. 35883)
      Eathan G. Ostroff (71610)
      TROUTMAN SANDERS LLP
      222 Central Park Avenue, Suite 2000
      Virginia Beach, Virginia 23462
      Telephone: (757) 687-7564
      Facsimile: (757) 687-1524
      E-mail: john.lynch@troutmansanders.com
      E-mail: megan.burns@troutmansanders.com
      E-mail: ethan.ostroff@troutmansanders.com

      __/s/_____
      By: Dale W. Pittman, VSB#15673
      Counsel for Plaintiff
      THE LAW OFFICE OF DALE W. PITTMAN, P.C.
      The Eliza Spotswood House
      112-A West Tabb Street
      Petersburg, VA 23803
      (804) 861-6000
      (804) 861-3368 Facsimile
      dale@pittmanlawoffice.com