IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

| | | |
|---|---|---|
| R. Dante DeCapri, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:14cv201–HEH |
| | ) | |
| Law Offices of Shaprio Brown & | ) | |
| Alt, LLP, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION
### (Denying Motion to Dismiss)

This is a putative class action for damages under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").  Plaintiff R. Dante DeCapri

("Plaintiff"), a consumer and Virginia resident, alleges on behalf of himself and all others

similarly situated that the form dunning letter[1] he received from Defendant Law Offices

of Shaprio Brown & Alt, LLP ("Defendant") violates several provisions of the FDCPA.

The matter is before the Court on Defendant's Motion to Dismiss (ECF No. 10).

The Court will dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the Court and oral argument would not aid in

the decisional process.  For the reasons stated herein, Defendant's Motion to Dismiss will

be denied.

---

[1] A dunning letter is a letter demanding payment of a debt—*i.e.* a collection notice.
*Bicking v. Law Offices of Rubenstein & Cogan*, 783 F. Supp. 2d 841, 842 n.1 (E.D. Va. 2011).

## I. BACKGROUND

As required by Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes Plaintiff's well-pleaded allegations to be true, and views all facts in the light most favorable to him. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Viewed in this light, the facts are as follows.

Plaintiff alleges that on July 15, 2013, Defendant, a Virginia Beach law firm whose principal business is debt collection, sent Plaintiff a letter notifying him that Defendant had been retained to initiate foreclosure proceedings on Plaintiff's home. (Compl. ¶¶ 4, 12, Ex. A thereto, ECF No. 1.) The letter notifying Plaintiff of the foreclosure proceedings was the first written communication by Defendant to Plaintiff relating to the collection of the subject debt. (*Id.* ¶ 15.)

Plaintiff alleges that because the form dunning letter makes multiple misleading and inaccurate disclosures, Defendant has violated the FDCPA. The paragraphs of the letter at issue state:

> 3.     The Fair Debt Collection Practices Act entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this letter. If you do not dispute the debt within this period, it will be assumed to be valid. The law also entitles you to request that we provide you the name of the original creditor if the original creditor is different from the current creditor, Wells Fargo Bank, NA. If you choose to dispute the debt, or any portion thereof, you must notify us within thirty (30) days of the date you receive this letter.
>
> 4.     If you notify us in writing within thirty (30) days of the date you receive this letter that you are disputing the debt or any portion thereof, or if you notify us in writing within thirty (30) days of the date you receive this letter that you want to know the name of the original creditor if that

creditor is different from Wells Fargo Bank, NA, then we will obtain and mail to you verification of the debt and/or the name and address of the original creditor.

. . .

6.     If you request proof of the debt or any portion thereof or if you request the name of the original creditor within thirty (30) days from the date you receive this letter, the Fair Debt Collection Practices Act requires us to suspend our efforts to foreclose on the Deed of Trust/Mortgage on your property, until we mail you the information validating the debt and/or until we provide you with the name of the original creditor.

(*Id.* Ex. A thereto.)

Plaintiff filed this action on March 21, 2014 on behalf of himself and all others similarly situated.[2]  (*Id.* at ¶ 1.)  Plaintiff has not yet sought certification of the class under Federal Rule of Civil Procedure 23.  Thus, the Court does not consider this case to be a class action at this stage.

Plaintiff alleges Defendant violated the FDCPA's cornerstone debt validation disclosure requirements, 5 U.S.C. § 1692g, and the FDCPA's central substantive prohibition against the use by a debt collector of any false, deceptive, or misleading representations in connection with the collection of consumer debt, 5 U.S.C. § 1692e, by (1) failing to include "by the debt collector" or similar language in the § 1692g(a)(3) disclosure stating that it is the debt collector who will assume this debt to be valid if not disputed; (2) falsely representing that to dispute the debt the consumer must notify the

---

[2] Plaintiff initially defines the class as: (A) all Virginia residents to whom Defendant sent a letter in the form of Exhibit A, (B) which contains the 15 U.S.C. § 1692g notice of validation rights in text identical to that in Exhibit A, (C) in an attempt to collect a home loan debt, (D) that was incurred primarily for personal, household or family purposes, (E) during the one year period prior to the filing of the Complaint in this matter.  (Compl. ¶ 52.)

debt collector within thirty (30) days of receipt of the letter; and (3) omitting the requirement that the consumer's dispute must be in writing in order to invoke protections afforded by the FDCPA.

Plaintiff seeks certification for this matter to proceed as a class action; declaratory relief that Defendant's use of Exhibit A violates the FDCPA as alleged; statutory damages under 15 U.S.C. § 1692k(a)(2)(B); attorney's fees, litigation expenses and costs of suit under 15 U.S.C. § 1692k(a)(3); and any further relief the Court deems proper.

Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on July 14, 2014. Defendant argues that the Complaint should be dismissed with prejudice because when the letter is read as a whole, it complies with the FDCPA. Moreover, Defendant contends that the letter does not include any statement which would materially mislead Plaintiff under the "least sophisticated consumer" standard. Additionally, Defendant alleges that Plaintiff makes only passing reference to actual damages without including a request for actual damages in his ad damnum, and that his allegations do not support a claim of actual damages.

Plaintiff responded on August 15, 2014 (ECF No. 27) and Defendant replied on August 29, 2014 (ECF No. 28). This matter is ripe for decision.

## II. LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). The Federal Rules of Civil Procedure "require[] only

4

'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *T.G. Slater*, 385 F.3d at 841 (citation omitted). Legal conclusions enjoy no such deference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"To prevail on an FDCPA claim, a plaintiff must allege that: (1) he or she was the object of collection activity arising from a consumer debt as defined by the FDCPA; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant engaged in an act or omission prohibited by the FDCPA." *Fariasantos v. Rosenberg & Assocs., LLC*, No. 3:13cv543, 2014 U.S. Dist. LEXIS 30898, at *8 (E.D. Va. March 10, 2014) (quoting *Goodrow v. Friedman & MacFadyen, P.A.*, No. 3:11cv020, 2013 U.S. Dist. LEXIS 105395, at *6 (E.D. Va. July 26, 2013)). A consumer debt is any obligation or alleged obligation of a natural person to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(3), (5). And

5

the FDCPA defines a "debt collector" as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts. 15 U.S.C. § 1692a(6).

As to the third element of an FDCPA claim, the Fourth Circuit recently confirmed that in order to plead a claim of false representation under § 1692e of the FDCPA, the party must show that the representations are material. *Lembach v. Bierman*, 528 Fed. App'x 297, 303 (4th Cir. 2013). A statement cannot mislead unless it is material. *Id.* After reviewing decisions from other circuits, the Fourth Circuit concluded that if a statement would not mislead the unsophisticated consumer, then it does not violate the FDCPA—even if it is false in some technical sense. *Id.* at 302–304. In *Lembach*, required signatures forged on otherwise appropriate foreclosure documents were held to be immaterial because the fraudulent signatures had no connection to the debt at issue. *Id.* at 303. To be material, a statement must affect a consumer's ability to make intelligent decisions with respect to the alleged debt. *Fariasantos*, 2014 U.S. Dist. LEXIS 30898, at *9–10 (quoting *Penn v. Cumberland*, 883 F. Supp. 2d 581, 589 (E.D. Va. 2012)).

The Fourth Circuit applies the "least sophisticated consumer" standard in evaluating all FDCPA claims. *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131, 139 (4th Cir. 1996). This standard ensures that the FDCPA protects all consumers. As the United States Supreme Court noted long ago, "the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." *Id.* at 136 (quoting *F.T.C. v.*

*Standard Educ. Soc'y*, 302 U.S. 112, 116 (1937)). The least sophisticated consumer standard simultaneously protects naïve consumers and "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Nat'l Fin. Servs., Inc.*, 98 F.3d at 136.

Whether an initial communication violates section 1692g(a) under the least sophisticated consumer test is guided by two additional principles. First, there is no requirement that a debt collector quote the language of section 1692g(a) verbatim. *Vitullo v. Mancini*, 684 F. Supp. 2d 747, 756 (E.D. Va. 2010). Second, the court must examine each communication as a whole, and not by looking to each sentence individually, as "[e]ven the least sophisticated debtor is bound to read collection notices in their entirety." *Fariasantos*, 2014 U.S. Dist. LEXIS 30898, at *11.

The relevant inquiry is simply whether a debt collector's statement would mislead or deceive the least sophisticated consumer with respect to the alleged debt by affecting the consumer's ability to make intelligent decisions as to the debt. *Goodrow*, 2013 U.S. Dist. LEXIS 105395, at *6. Evidence of actual deception is unnecessary. *Nat'l Fin. Servs., Inc.*, 98 F.3d at 139. If the statement has the capacity to mislead, the debt collector has violated the FDCPA. *Id.*

### III. DISCUSSION

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). Toward that end, section 1692g(a) sets

forth specific guidelines that debt collectors must follow when sending collection letters. *Bicking v. Law Offices of Rubenstein & Cogan*, 783 F. Supp. 2d 841, 844 (E.D. Va. 2011). Section § 1692g requires debt collectors to send written "validation notices" to debtors informing them of their rights to require verification of and dispute an alleged debt. *Russell v. Absolute Collection Servs., Inc.*, --- F.3d ---, 2014 U.S. App. LEXIS 15718, at *12 (4th Cir. 2014). The validation notice must include the amount of the debt and the name of the creditor, 15 U.S.C. §§ 1692g(a)(1)–(2), as well as the following disclosures:

> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector[.]

15 U.S.C. §§ 1692g(a)(3)–(4).

Pursuant to § 1692g(b), if, within the thirty-day period, the debtor notifies the debt collector in writing that the debt is disputed or requests the name and address of the original creditor, the debt collector must suspend collection activity until the requested information is mailed to the consumer. *Russell*, 2014 U.S. App. LEXIS 15718, at *13; *see also Clark v. Absolute Collection Service, Inc.*, 741 F.3d 487, 490 (4th Cir. 2014).

The FDCPA also prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. It is a violation of this section to use "any false representation or

8

deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

Plaintiff is a consumer within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(3). (Compl. ¶ 3). Defendant qualifies as a debt collector as defined by 15 U.S.C. § 1692a(6). (*Id.* ¶ 5). Furthermore, Plaintiff's debt, a home loan, was incurred primarily for personal, family, or household purposes, bringing Defendant's collection efforts within the purview of the FDCPA. (*Id.* ¶ 13.) Thus, Plaintiff has satisfied the first two (2) elements with respect to all five (5) counts in the Complaint. The following sections examine each count of Plaintiff's Complaint with respect to the third element— that the debt collector engaged in an act or omission prohibited by the FDCPA.

### A. Count One—15 U.S.C. § 1692g

Plaintiff alleges that Defendant violated 15 U.S.C. § 1692g(a)(3) by failing to include "by the debt collector" or similar language in the letter's validation notice.

The Court looks to the plain language of the FDCPA for guidance on the language to be included in dunning letters. *See Clark*, 741 F.3d at 490. Section 1692g(a)(3) requires that a dunning letter contain "a statement that unless the consumer, within thirty days after receipt of the notice disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid *by the debt collector*." 15 U.S.C. 1692g(a)(3) (emphasis added). While the debt collector is not required to use the language of the statute verbatim, a collection letter "must include some language that makes clear it is only the debt collector that may assume the validity of the debt . . . [O]therwise the debtor is left uncertain about what entity will make the assumption and for what purpose."

9

*Fariasantos*, 2014 U.S. Dist. LEXIS 30898, at *23 (quoting *Harlan v. NRA Group, LLC*, 2011 U.S. Dist. LEXIS 12751, at *11 (E.D. Pa. 2011)).

In *Fariasantos v. Rosenberg & Assocs., LLC*, a recent decision in this district, the dunning letter at issue also omitted "by the debt collector" or its equivalent from the § 1692g(a)(3) validation notice. 2014 U.S. Dist. LEXIS 30898, at *22. The defendant argued that its letter effectively conveyed that only the debt collector would assume the debt valid because it used "this office" and "we" throughout and included a final sentence stating that the debtor's "failure to contest the validity of the debt under the [FDCPA] may not be construed by any Court as an admission of liability." *Id.* at *24–25. Rejecting the defendant's arguments, the court stated "[t]elling a consumer that a court will not interpret the consumer's actions as an admission of liability does not clarify the consumer's understanding of who will assume that his debt is valid." *Id.* at *24. And use of "this office" and "we" throughout the letter likewise provided no clarity, even when examining the letter as a whole. *Id.* at *25. "Without the qualifying prepositional phrase 'by the debt collector,' the passive statement that a debt 'will be assumed to be valid' simply does not convey who will be doing the assuming," in violation of the Defendant's clear obligation under the statute to tell the consumer that it is the debt collector who will assume the debt to be valid. *Id.* at *23–24.

In this case, Defendant's letter to Plaintiff simply stated, "If you do not dispute the debt within [thirty days], it will be assumed to be valid." (Compl. Ex. A ¶ 3). Like the dunning letter at issue in *Fariasantos*, Defendant omitted the qualifying phrase "by the debt collector" or its equivalent from the letter's purported 1692g(a)(3) disclosure.

Construing Defendant's letter as a whole and applying the plain meaning of the statute and *Fariasantos*, Plaintiff properly alleges Defendant's violation of section 1692g.

Defendant suggests that the reasoning in *Fariasantos* is inapplicable because the subject dunning letter also threatened legal action; however, the threat of legal action in the *Fariasantos* letter pertained to a wholly different statutory claim and had no bearing on whether the collection letter complied with the requirements of § 1692g(a)(3).

Defendant also argues that Plaintiff has failed to state a claim for which relief can be granted because the omission of "by the debt collector" or similar language is not material. The issue of materiality must await a more fully developed record.

The allegations in Count One of Plaintiff's Complaint state a plausible claim for which relief may be granted based on Defendant's omission of the phrase "by the debt collector" or its equivalent in the validation notice. Defendant's Motion to Dismiss Count One will be denied.

**B. Count Two—15 U.S.C. § 1692g**

Count Two alleges that Defendant's validation notice violated § 1692g because the purported 15 U.S.C. § 1692g(a)(3) disclosure, containing the statement "[I]f you choose to dispute the debt, or any portion thereof, you must notify us within thirty (30) days of the date you receive this letter," is inconsistent with the 15 U.S.C. § 1692g(a)(4) disclosure, which requires written communication by the consumer to the debt collector in order to invoke the consumer's rights under 15 U.S.C. § 1692g(b).

The Fourth Circuit has held that section 1692g(a)(3) permits consumers to dispute the validity of a debt orally, while section 1692g(a)(4) does not. *Clark*, 741 F.3d at 491.

11

Debtors can trigger the rights under subsection (a)(3) by either an oral or written dispute of the debt, while debtors can trigger the rights under subsection (a)(4) only through written dispute. *Bicking*, 783 F. Supp. 2d at 845. If a consumer contests a debt by telephone rather than in writing, the consumer will inadvertently lose the protections set forth in the FDCPA—the debt collector would be under no obligation to verify the debt or cease all collection efforts as required by section 1692g(b). *Id.*

Congress included the debt validation provisions in the FDCPA to guarantee that consumers would receive adequate notice of their legal rights. *Miller v. Payco-General American Credits, Inc.* 943 F.2d 482, 484 (4th Cir. 1991). Thus, a debt collector does not comply with § 1692g(a) merely by including a validation notice; the required notice must be conveyed effectively to the debtor. *Id.* To be adequate, the validation notice must be placed in such a way to be easily readable, and must be prominent enough to be noticed by an unsophisticated consumer. *Nat'l Fin. Servs., Inc.*, 98 F.3d at 139. The notice also must not be overshadowed or contradicted by other messages. *Id.*

Whether the debt collector's letter complies with the statute is determined objectively; the inquiry is whether an unsophisticated consumer would be confused by the contents of the letter. *Bicking*, 783 F. Supp. 2d at 845. Where a dunning letter fails to advise that the debtor's request under § 1692g(a)(4) must be in writing, the least sophisticated consumer is not merely uncertain of her rights under the statute, she is completely unaware of them. *Id.* (quotation marks and citation omitted). As far as this Court can tell, those courts that have confronted the issue have held that a debt collector's failure to include the "in writing" requirement violates subsection (a)(4) of section 1692g.

12

*Id.* at 844–45 (citations omitted); *see also Harlan*, 2011 U.S. Dist. LEXIS 12751, at *15 (holding debt collector's omission of "by the debt collector" or similar language in violation of §§ 1692g, 1692e, 1692e(10)).

In *Miller v. Payco*, and again in *United States v. National Financial Services*, the Fourth Circuit noted that in the context of section 1692g, there are numerous and ingenious ways of circumventing the law under a cover of technical compliance. *Nat'l Fin. Servs.*, 98 F.3d at 138 (citing *Miller*, 943 F.2d at 485. On the first page of the two-page dunning letter, Defendant tells Plaintiff he is entitled to dispute the debt and request verification of the original creditor under the FDCPA within thirty (30) days, and if he chooses to dispute the debt or request creditor information, he must notify Defendant within thirty (30) days. In the next paragraph, Defendant tells Plaintiff that if he notifies the Defendant in writing within thirty (30) days, Defendant will obtain and mail verification of the debt and/or the name and address of the original creditor. Both paragraphs discuss Plaintiff's ability to dispute the debt and request the identity of the original creditor. The only substantive difference between the paragraphs is that the latter indicates that verification will be mailed if Plaintiff communicates with the debt collector in writing.

But mailed verification is not the only benefit, and certainly not the most important benefit, that accrues to the consumer by virtue of disputing the debt in writing within thirty (30) days. While the second page of Defendant's letter notifies of his section 1692g(b) rights—namely that Defendant must cease collection activities—if Plaintiff disputes the debt or requests the name of the original creditor, the letter obscures

13

the import of communicating with Defendant in writing. Defendant's disclosure of Plaintiff's right to have Defendant cease collection efforts until verification of the debt is obtained is buried on the second page and disclosed in an illogical sequence. A trier of fact could plausibly conclude that the letter would leave the least sophisticated consumer uncertain regarding his rights.

The potentially confusing and misleading elements and sequence thereof in Defendant's letter, including its failure to advise Plaintiff of the rights he accrues if he disputes the debt in writing, preclude granting dispositive relief to the Defendant at this stage. Given the deference that must be given to the allegations in the Complaint, Plaintiff's claim survives 12(b)(6) review. Defendant's Motion to Dismiss Count Two will be denied.

### C. Count Three—15 U.S.C. § 1692e(10)

Similar to Count One, Plaintiff's allegations in Count Three stem from Defendant's failure to include "by the debt collector" or similar language in the validation notice required by 15 U.S.C. § 1692g(3). Plaintiff alleges that by doing so, Defendant used a false representation or deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

Typically in cases where courts have found section 1692e(10) violations in addition to section 1692g violations, the dunning letter falsely threatened legal action or threatened to make immediate credit reports. *Bicking*, 783 F. Supp. 2d at 846. However, section 1692e(10) is not limited to such blatant applications of the FDCPA. *Id.* Simply creating false impressions that may mislead the least sophisticated consumer can be a

14

deceptive practice in violation of the FDCPA. *Fariasantos*, 2014 U.S. Dist. LEXIS 30898, at *18.

As recognized with respect to Count One, Defendant's failure to include "by the debt collector" or similar language could leave Plaintiff in the dark as to who will assume the debt's validity. *Fariasantos*, 2014 U.S. Dist. LEXIS 30898, at *23. The least sophisticated consumer could plausibly believe that failure to dispute the debt would create a presumption of validity by a court or other entity of authority in a subsequent collection proceeding. *See Harlan*, 2011 U.S. Dist. LEXIS 12751, at *15 (holding debt collector's omission of "by the debt collector" or similar language in violation of §§ 1692g, 1692e, 1692e(10)).

Accordingly, this Court finds that Plaintiff has alleged a sufficient set of facts, accepted as true, to state a plausible violation of section 1692e(10) in Count Three of his Complaint. Defendant's Motion to Dismiss Count Three will be denied.

### D. Count Four—15 U.S.C. § 1692e(10)

In Count Four, Plaintiff alleges that by falsely stating that if Plaintiff chooses to dispute the debt, he must do so within thirty days of the date he received the dunning letter, Defendant used a false representation or deceptive means to collect or attempt to collect a debt, and in so doing violated 15 U.S.C. § 1692e(10).

As the Fourth Circuit recently confirmed, disputing a debt under section 1692g is optional. *Russell*, at *14 (quotation marks and citations omitted). The statute affords the consumer certain rights if the consumer disputes the debt within the initial thirty (30) day period after receiving the dunning letter—"the debt collector must suspend collection

activity until it obtains verification of the debt." *Id.* at *13. Further, the statute makes clear that "[t]he failure of the consumer to dispute the validity of a debt . . . may not be construed by any court as an admission of liability by the consumer." 15 U.S.C. § 1692g(c). The FDCPA confers explicit protection upon debtors who choose not to dispute their debts. *Russell*, at * 15. Thus, the consumer is not required to dispute the debt, but he may at any time. And if he chooses to dispute the debt, and does so in writing within thirty (30) days, certain rights accrue.

Defendant's dunning letter states "The [FDCPA] entitles you to dispute the debt, or any portion thereof, within thirty (30) days of your receipt of this letter. . . . If you choose to dispute the debt, . . . you must notify us within thirty (30) days." (Compl. Ex. A, ¶ 3). Taking Defendant's letter as a whole, the least sophisticated consumer could plausibly conclude that he must dispute the debt within thirty (30) days of receiving Defendant's collection letter or he forfeits the right to do so. This is simply untrue, as the FDCPA makes disputing a debt optional and sets no time limit on a consumer's exercise of that option.

Thus, Plaintiff has alleged facts sufficient, which accepted as true, to state an actionable violation of section 1692e(10) of the FDCPA by making a false representation in an attempt to collect a consumer debt. Defendant's Motion to Dismiss Count Four of Plaintiff's Complaint will be denied at this stage.

### E. Count Five—15 U.S.C. § 1692e(10)

Similar to Count Two, Count Five alleges that by omitting in Exhibit A the "in writing" requirement from the statement of the consumer's 15 U.S.C. § 1692g(b) rights,

Defendant used false representation or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10).

As explained above, Defendant's failure to include the "in writing" requirement could easily deceive the least sophisticated consumer into believing that oral notice is sufficient, and therefore cause the consumer to forfeit his rights under sections 1692a(4) and 1692b. *See Bicking*, 783 F. Supp. 2d at 846 (denying defendants' Motion to Dismiss as to alleged violations of §§ 1692g(a)(4) and 1692e(10) by omitting the 'in writing' requirement from debt validation notice).

Thus, Count Five of Plaintiff's Complaint is sufficient to survive a Motion to Dismiss and Defendant's motion with respect to Count Five will be denied.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss will be denied. An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Sept. 19 2014
Richmond, Virginia

17